Griffin vs. Witherspoon.

---

No. 19.—LARKIN GRIFFIN, plaintiff in error, *vs.* JAMES M. B. WITHERSPOON, defendant.

[1.] Where the Jury found a verdict for a greater amount of damages than was claimed in the plaintiff's declaration, and a motion for a new trial having been made on that ground, the plaintiff entered a remittiter on the record for the excess: *Held*, that the plaintiff had the right to enter such remittiter, and that a new trial on that ground ought to have been refused.

Case for deceit, in Sumter Superior Court. Tried before Judge WARREN, November Term, 1849.

This was an action for deceit, with damages laid at $1000. The Jury found a verdict for the plaintiff for $1000, with interest from 20th October, 1841. Defendant moved for a new trial, on the ground that the verdict was illegal as to the interest. The plaintiff entered a remittiter for the interest. The Court, notwithstanding, granted a new trial on this ground, and plaintiff excepted.

E. R. Brown, for plaintiff in error.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The ground taken in the Court below for a new trial was, that the Jury had found a verdict for a greater amount of damages than the plaintiff had alleged in his declaration; whereupon, the plaintiff entered upon the record a remittiter for all the damages found by the Jury, over and above the amount claimed in the declaration. We think the plaintiff had the right to remit the excessive damages found by the Jury, and as that was the only ground taken for a new trial, the motion ought to have been refused. We do not readily perceive the reason or the policy which requires a party to litigate, when he is willing to surrender to his adversary all that he claims. See *Tidd's Practice,* 806.

Let the judgment of the Court below be reversed.