No. 7.—WILLIAM H. HENDRY, guardian, plaintiff in error, *vs.* JAMES M. HURST and wife, defendants in error.

[1.] On an appeal from the Ordinary on a guardian's return, the account offered by the guardian, must be submitted to the jury as the matter he proposes to prove, but the vouchers do not go as a matter of course.

[2.] Vouchers embracing charges for several years board, clothing, tuition, &c. specifying the time and amount claimed, are not too general to be admitted in evidence to the jury; but when accounts are thus presented they ought to be strictly proved.

[3.] Guardian's receipt to himself is no evidence to support a charge in his own favor against his ward.

[4.] When the charges are specific in regard to the object, time and amount, evidence may be admitted to prove them.

[5.] Attorneys receipts to guardian, stating to be for professional services rendered the ward, are not of themselves, without further proof, sufficient to establish the account against the ward.

Hendry vs. Hurst and wife.

[6.] A party may voluntarily release a part of a finding in his favor when it does not prejudice his adversary.

Caveat to Return, and Vouchers of Guardian, &c., from Thomas Superior Court. Tried before Judge LOVE, December Term, 1856. On Appeal from Ordinary.

William H. Hendry, guardian of Georgia Ann Hendry, presented his return with the vouchers, to the Court of Ordinary of Thomas county, to which being allowed and admitted to record, James M. Hurst, in right of his wife, the said Georgia Ann, entered his protest and caveat.

The following is the return :

William H. Hendry in account current with Georgia Ann Hendry, minor of Eli H. Hendry.

To cash paid for the schooling, clothing and tuition of said Georgia Ann, from 1st January, 1848, to the 17th April, 1855,    .    .    .    .    .    .    No. 6,  $500 00
To board of Georgia Ann Hendry, from 1st January 1848 to 17th April 1855,    .    .    . No. 7,   500 00
1855.

| | | | | | |
|---|---|---|---|---|---|
| March 6. | To cash paid | McIntyre & Young as per voucher, . . . . | No. 1, | 50 | 00 |
| May 30. | do. do. | H. H. Tooke, Ord'y. | No. 2, | 14 | 30 |
| June 2. | do. do. | C. B. Cole, . . | No. 3, | 150 | 00 |
| June 2. | do. do. | McIntyre & Young, | No. 4, | 150 | 00 |
| May 7. | do. do. | R. J. Bruce, . . | No. 5, | 29 | 00 |
| | Commissions on cash received at 2½ per ct. | | | 95 | 51 |
| do. | do. | paid out, . . . | | 34 | 83 |

$1,523 64

1854.
Nov.      By notes received this day from Alderman
              Carlton, adm'r of James E. Hendry,

deceased, who was the adm'r of E. H.

Hendry, father of Georgia Ann Hendry, 3,800 75

Deduct credits opposite page, . . 1,523 64

Leaves balance due minor, . . . $2,277 11

WM. H. HENDRY, *Guardian.*

Sworn to and subscribed before ⎫
me in open Court, June 2d, 1855. ⎬
    H. H. TOOKE, *Ordinary.* ⎭

To this return was annexed vouchers for all the items charged to have been paid out or disbursed.

Hurst in right of his wife, by counsel, on the 21st June, 1855, entered his caveat against the foregoing return and vouchers, and objected.

1st. To first charge for schooling, &c., because the same is erroneous and unjust, and no voucher has been presented for the same.

2d. To second charge for board, because the same is unjust and erroneous, and because at the time when said charges were made Hendry was not guardian.

3d. He caveats the charge of fifty dollars paid McIntyre & Young, for making returns, as illegal and not a proper charge against ward.

4th. He also caveats the two expenditures to McIntyre & Young and C. B. Cole, each for $150 00, as illegal, being for professional services rendered in defending himself in a suit against him for mal-administration as guardian.

5th. Caveats the charge for commissions, the guardian not having made his returns agreeably to law, and because charged upon payments and expenditures which were not made.

6th. Caveats the charges for board, tuition and clothing, the same never having been contracted, and if so are barred by the statute of limitations; and further because the expenditures charged were made before the appointment of the guardian.

that the verdict was contrary to law, the charge of the Court, and against the evidence.

The account current and vouchers were offered together and ruled out by the Court, but the return or account current itself, was admitted and read to the jury, and counsel for guardian excepted.

Vouchers Nos. 6 and 7, were then offered, which were for the board and tuition and clothing of the ward, and which consisted of the account made out as contained in the return, and a receipt of the same by the guardian to himself of one thousand dollars the aggregate of the two items. The Court rejected them, on the ground, that the charges were two general, and counsel for the guardian excepted.

Vouchers Nos. 3 and 4, for fees paid to C. B. Cole, and McIntyre & Young for professional services, $150 to each, were offered, and upon objection, were ruled out by the Court, on the ground, that said receipts did not specify for what particular services the money was paid, and because the same was paid for the defence of a suit instituted against Hendry on his guardian bond: to which ruling the guardian excepted.

Counsel for guardian offered the deposition of two witnesses examined by commission, in support of the two items in the return for tuition, clothing and board, being Nos. 6 and 7, which were upon objection, rejected by the Court, on the grounds that the two items were too general, and no evidence could be received to prove them; and counsel for guardian excepted.

The jury found the following verdict:

" We, the jury find that the guardian, William H. Hendry, be allowed on his account the sum of ninety-three dollars and thirty cents, the gross amount of Ordinary's bill, (voucher No. 3;) McIntyre & Young's receipt for $50, (voucher No. 1;) and R. J. Bruce's receipt for $29, (voucher No. 5;) and disallow the other items charged in account."

Counsel for Hendry moved for a new trial, on the ground,

Before the motion for a new trial was decided, counsel for Hurst and wife, came in and filed their written consent to admit and allow commissions in settlement with the guardian.

The motion was then overruled and new trial refused; and counsel for Hendry the guardian, excepted.

COLE, for plaintiff in error.

SEWARD & HANSEL, represented by IVERSON L. HARRIS, for defendant in error.

*By the Court.*—MCDONALD, J. delivering the opinion.

[1.] The record does not disclose the decision of the Ordinary on this case, when before him. We presume, however, that he allowed the account of the guardian, and considered the vouchers sufficient to sustain it, as the counsel for guardian in his argument insisted that the Court below ought to have permitted the account and vouchers to have been submitted to the jury, as, when passed by the Ordinary, the vouchers were *prima facie* evidence of the disbursements charged to have been made. Be that as it may, when the case was about to be submitted to jury, " the counsel for the guardian offered the account current and vouchers returned to the Court of Ordinary as the case and pleadings for trial." The Court rejected them, and this ruling is the first ground of error alleged in the record.

The appeal from the decision of the Ordinary, brought up the entire case and it ought to have been presented to the jury as it was to the Ordinary. In all cases the guardian making his return should lay his account before the Ordinary, plainly setting forth, with sufficient certainty, his charges against his ward. This account is the case he should prove. The vouchers are his evidence to support it, and they should be closely examined, and, if not satisfactory to the Ordinary,

ought to be supported by other proof. So, in the Superior Court on appeal, the same course should be pursued. The vouchers, on such appeal, are entitled to no weight as evidence, on the score that, on the case appealed, the Ordinary allowed them. The judgment appealed from must be affirmed before it is entitled to any consideration as evidence, and it being a judgment upon the law and evidence, it must be reviewed upon the law and evidence. The Court below ought to have allowed the account to go to the jury, as the matter which, with the caveat, made up the issue to be tried by them. The vouchers formed no part of the issue and when offered as a part thereof, ought to have been rejected.

[2.] The vouchers to sustain the charges in the guardian's account for clothing, schooling, tuition and board, ought not to have been rejected on account of their generalness. They embrace charges from the 1st of January, 1848, to 17th April, 1855. They show great carelessness and negligence in the mode of keeping the accounts, but this is not a reason for rejecting them altogether; accounts thus kept, ought to be strictly proven by testimony, to support the charges made, to-wit: that the clothing, schooling, tuition and boarding, were furnished in accordance with the charges, and that the charges are reasonable and suitable to the circumstances of the ward. Guardians should keep accurate accounts and make regular returns, and in all cases where they do not, and are unable to prove the actual amount paid under the above rule, they ought to be restricted to the lowest amount the law would authorize them to charge. The guardian's own receipt to himself, furnishes not the slightest evidence of this. It is his own bare statement in his own behalf which is inadmissible. He ought to prove the furnishing, and a *quantum meruit*, (if unable to prove the actual amount paid,) and that the circumstances of the ward justified the charges.

[4.] The depositions of Robert and James B. Peacock, ought to have been read to the Jury. The charges in the account were sufficiently special to apprise the defendant's

in error of: the nature of the demands: set up by the guardian. It is by the evidence of others that he must prove them. If the testimony of the persons with whom the ward boarded, and the teachers to whom the tuition money was paid, can be obtained, it is the best evidence. If that cannot be obtained, the next best evidence must be produced. The evidence rejected ought to have been submitted to the consideration of the jury. The witnesses testified that the value of the ward's board with the guardian was fifty dollars per year, and that she lived at his house six or seven years, and was clothed and supported by him. To this extent the evidence was certainly admissible.

[5.] The Court below rejected receipts given by attorneys for professional services rendered the ward's estate, on the ground that they did not specify the services rendered, and because it was alleged, that the said services were rendered the guardian in his defence of a suit on his guardian's bond. There is nothing in the record to justify the second ground of objection, and it will not be considered. The receipts ought not only to have specified the services rendered, but if the ward required it, there should have been evidence that it was a proper charge against her. The judgment of the Court upon a contested return to the Ordinary, is as conclusive upon the parties, as any judgment, and the proof ought to be such as would be necessary to sustain the charges if attempted to be set up in a Court of Chancery. Indeed whether contested or not, there ought always to be satisfactory proof that services charged against a ward were rendered for his or her benefit, and that the charge is reasonable.

[6.] It was not error in the Court, to permit the party to allow, in favor of the guardian, items in his account not allowed by the jury. It was a voluntary abandonment of a right which, by no possibility, could prejudice the other party. The non-allowance of commission does not seem to have been a ground for refusing the motion for a new trial.

The judgment of the Court below must be reversed on

the ground that the Court erred in excluding the evidence of Robert and James B. Peacock. It was the duty of the Court and jury on the appeal to exercise all the duties and powers of the Ordinary, to hear all the evidence legally offered for or against the account as charged, admit it, or disallow it, or reduce it, accordingly as the evidence demanded the one or the other.

Judgment reversed.