STANFORD *et al. vs.* MURPHY, administrator.

1. Where four legatees sue for a sum due the legatees under a will, and the verdict is for the amount due all the legatees, there being six in number, the shares of the two not suing may be written off at the instance of complainants, and the verdict stand for the sum due to the four who sue.

2. Where the presiding judge granted a new trial on the ground that he erred in rejecting the testimony of a witness which in his judgment might change the verdict, and it appears to this court that such testimony would have tended to elucidate the issue between the parties, this court will not reverse the grant of the new trial, especially where one ground of the motion is that the verdict is strongly and decidedly against the weight of the evidence, and the presiding judge, while he does not put the grant of the new trial upon that ground, yet does not in express terms overrule the same — the fact that he grants the motion at all, showing that he is not satisfied with the verdict on the whole case as made by the law and the facts.

Legacies.   Verdict.   Parties.   New trial.   Before Judge HALL.   Pike Superior Court.   April Adjourned Term, 1877.

Reported in the opinion.

J. F. REDDING ; J. J. ROGERS ; ALFORD & McDANIEL, for plaintiffs in error.

B. M. TURNER ; A. W. MURPHY ; HUNT & TAYLOR ; SPEER & STEWART, for defendant.

JACKSON, Judge.

This was a bill filed by the legatees of Stanley Purifoy against Murphy as administrator with the will annexed on his estate.

The main question made in the bill arose upon the allegation that Murphy, having been paid a note of some twelve hundred dollars by Purifoy in his lifetime, had paid himself the same note, with interest, amounting to some seventeen hundred dollars, out of the assets of the estate. This allega tion was denied by Murphy, and the case was tried on that issue. The jury found the seventeen hundred dollars principal, and over twelve hundred dollars interest against the administrator; he moved for a new trial and the presiding judge granted it; whereupon the complainants bring the case before us for review.

1. But four legatees sued, and there were six entitled, and that is one of the grounds on which the motion was granted. The complainants say that they offered to write off two shares' value of the verdict, but the judge cited a decision of this court, *McDonald vs. Dickens et al.*, 58th *Georgia*, 77, and held that it could not be done. The court below misapprehended the ruling of this court. The two shares could have been written off, and it should have been done, if that had been the only ground of motion for a new trial. See 8 *Ga.*, 113; 18 *Ib.*, 539; 31 *Ib.*, 140; 42 *Ib.*, 462; 44 *Ib.*, 243; 57 *Ib.*, 77.

In the case of cited by the court below, this court held that the case being a *certiorari* from the justice court, and the question being on its dismissal because the amount was over $50.00, which required appeal and not *certiorari* to take it up, *there* the court could not allow the party to dispense with an appeal and give jurisdiction to the superior court by writing the claim down to fifty dollars.

2. But the court did not rest the judgment granting a new trial on this ground alone; but put it on an error in ruling out the testimony of Bloodworth, which tended to show that the cotton with which complainants insisted that Purifoy had paid Murphy was not delivered to Murphy, for Purifoy, by his advice, put it in the lint room of the gin-house to protect it for himself; that Bloodworth having advised him

to do so, he, Purifoy, afterwards told him, Bloodworth, that he had done so. The issue was whether the cotton was delivered or not to Murphy by Purifoy when put in the lint room, and the judge who heard the case being of the opinion that the rejected evidence elucidated that issue, and that the case ought to be tried again, we will not overrule his opinion.

The very fact that he granted the new trial shows that he was not satisfied with the verdict, and whilst he put the grant of it on two grounds, he did not overrule the others; and the case comes within the principle so often announced that this court reluctantly interferes with the grant of a first new trial when the judge below is not satisfied with the finding. The fact is that the verdict looks large any way it may be viewed, as all the cotton the administrator is charged to have got from the testator was but two bales for a note apparently executed in 1861, and amounting to over twelve hundred dollars principal. The facts seem to demand a new investigation.

Judgment affirmed.