GOULD & COMPANY *vs.* THE CITY OF ATLANTA.

1. When the mayor and council of a city, for the purpose of preventing a non-resident merchant from competing with resident merchants, and with the malicious intent of injuring the non-resident merchant, pass a resolution declaring him, by name, to be within a certain tax ordinance (since adjudged to be invalid), and directing the enforcement of such ordinance against him, and when, in obedience to the resolution, executions are issued and levied upon his goods, and he is damaged thereby, he has a right of action against the corporation.

2. When the declaration for a tort sets forth a sufficient cause of action, and is demurred to generally, the demurrer should be overruled. That some of the damages alleged are speculative, too remote, or for other reason not recoverable, is matter for special demurrer.

Municipal corporations. Torts. Tax. Pleadings. Before Judge HILLYER. Fulton Superior Court. October Term, 1877.

Gould & Company brought case against the city of Atlanta for $5,000.00, alleging, in substance, as follows:

On January 21st, 1876, the defendant, by its officers the mayor and general council, contrary to law and with the wilful and malicious intent to so oppress and annoy petitioners (who had previous to that time shipped a large stock of mer-

chandise of the value of $40,00.00, to the city of Atlanta, and had rented a store for the purpose of selling the same) so that they would be compelled to withdraw their stock of goods from the market and move away from said city, did convene and pass a resolution, at the request of a large number of dry-goods merchants in said city, declaring petitioners to be transient, itinerant, non-resident speculators and traders within the intent and meaning of the 13th section of the tax ordinance of said city for the year 1875, directing the clerk of council to issue execution against petitioners for five per cent. of the gross sales made by them each day, and directing the marshal to levy daily on petitioners' goods, and sell the same for said illegal tax, in the event that petitioners failed to make a return of their gross sales each day, within one hour after the same were made, and pay the said five per cent. tax thereon. This was not done for the sole purpose of raising revenue, but to protect the dry-goods merchants of said city from the competition which was likely to result from the business your petitioners were about to commence. On January 24th, petitioners opened their store and commenced selling at auction, when defendant's clerk issued execution against them for $50.00, which was five per cent of their gross sales for that day, and a levy was made by the marshal. On each succeeding day executions were issued and levied until petitioners were compelled to employ counsel and appeal to the courts for protection.

On January 25th, with the same malicious intent, defendant's clerk issued a summons against each of petitioners, charging them with a violation of the said city ordinance in not returning the amount of their gross sales and paying five per cent. thereon as transient, itinerant, non-resident traders or speculators. Under this process petitioners were held in custody by the chief of police for one hour, until they gave bond. On the next morning they were compelled to appear before the recorder and submit to a long, tedious trial, which resulted in their being found guilty, and each fined $100.00. For the purpose of avoiding

these executions and prosecutions, petitioners commenced making returns and paying the tax until they could obtain an adjudication of their rights. Immediately after they commenced so doing, to-wit : on January 29th, a called meeting of said mayor and general council was held for the express purpose of devising further means for the annoyance and persecution of petitioners, with the aforesaid malicious intent, and an ordinance was passed requiring transient, itinerant, non-resident speculators or traders to pay a tax of twenty-five per cent. of their gross sales every day, etc. Petitioners tendered to defendant's clerk all the tax for which they were liable, but he refused to receive the same, and acting under the instructions of defendant, declined to issue a license to them. From that time executions were daily issued and levied for twenty-five per cent. of the gross sales, until stopped by injunction.

Petitioners have sustained damage to the amount of $5,000.00, in this that they were put to heavy expense in asserting their legal rights, in protecting themselves against the levy and sale of their property, were hindered and delayed in making sales, were so annoyed and had so much of their time consumed in such law-suits, that they could not give as much of their time to their business as they otherwise would have done, whereby they lost the sale of a large amount of their goods, etc.

To this declaration the defendant demurred generally. The demurrer was sustained, and plaintiffs excepted.

D. F. & W. R. HAMMOND, for plaintiffs in error.

W. T. NEWMAN, city attorney, for defendant.

BLECKLEY, Judge.

1. The demurrer admits the facts as alleged in the declaration. If they are true, a great wrong was perpetrated upon the plaintiffs, and the wrong was wilful and malicious—the

intent was to injure, and the injury was accomplished. It is a mistake to suppose that a city belongs to the inhabitants alone. Trade is broad, and will not brook limitation at the will of those who may happen to bear municipal sway. Commerce in Atlanta is not a close corporation—it is not confined to the elect. Whoever comes to trade, may trade on the very same conditions as attach to those who preceded them. The right is free to all upon the same terms; and it is in vain for those who are in, to clamor for the exclusion of those who seek to get in. Atlanta is open alike to all citizens of the United States, and will so remain while the organic law of the union is unchanged. A local policy at variance with the broad spirit of the constitution may be attempted, but cannot be maintained. It may prevail in the council-chamber, but cannot gain recognition in the court-house, except as a temporary form of error. It was the legal right of these plaintiffs to transact business in Atlanta, without any hostile proceedings against them founded on the mere fact of non-residence. While they were engaged in business within the city, they were entitled to precisely the same treatment as other merchants of the same class ought to have received. The city government had as little right to attack them, in the way alleged in the declaration, as it had to attack the oldest and most reputable merchant in the community. The law is no respecter of persons, and will no more endure to see T. Gould & Co. wantonly injured by the mayor and council, than it will endure to see those injured whose advantage was in view when the injury on T. Gould & Co. was inflicted. As a court, we, of course, know nothing of the facts but what is alleged in the declaration; but if the allegations shall be supported by proof, the recovery of damages would be a necessary legal consequence. See 7 *Ga.*, 139, *et seq.*

2. It may be that some of the special damages alleged are speculative, too remote, or otherwise beyond legal remedy but a sufficient cause of action is set forth, and that being so, the declaration should not have been dismissed on general

demurrer.    Any mere overreaching as to the specification of damages, was matter for special demurrer, and for correction by amendment.

Cited for plaintiffs: 55 *Ga.*, 678; Dillon M. C., §§ 766, *et seq.*, 753; 19 Pick., 511, 516; 15 New York, 521, 519; 40 *Ib.*, 442; 20 *Ga.*, 635; 57 *Ib.*, 116; 12 Rob. La., 668, 674; 4 La. An., 440; 12 *Ib.*, 15.

Cited for the city: 2 Law and Eq. R., 637; Dillon M. C., §248.

Judgment reversed.