## FLORIDA YELLOW PINE COMPANY *v.* FLINT RIVER NAVAL STORES COMPANY.

1. It was charged in the petition and admitted in the answer that plaintiff and defendant claimed, from a common grantor, the title to and the right to box the trees for turpentine purposes on a described lot of land. Such admission relieved the plaintiff of the necessity of showing title into the common grantor, in an action to enjoin the defendant from using the timber for turpentine purposes.
2. A party to a suit will not be allowed to disprove an admission made in his pleadings, without withdrawing it from the record.
3. A trespass may be restrained in equity, where it is a continuing one and will give rise to a multiplicity of suits, although the trespasser may be solvent.
4. A temporary injunction restraining the defendant from entering upon land and boxing for turpentine purposes timber claimed by the plaintiff is not mandatory in character, although the defendant may be engaged in boxing the timber at the time the preliminary restraining order is granted.

JULY 18, 1913.

Injunction. Before Judge Frank Park. Decatur superior court. May 22, 1913.

*W. V. Custer,* for plaintiff in error.

*A. H. Russell* and *M. E. O'Neal,* contra.

EVANS, P. J. 1. The plaintiff sought to enjoin the defendant from cupping, boxing, and extracting gum from the trees on a described tract of land. In the petition it was alleged, that W. N. Spear, on November 10th, 1905, being the owner of the timber, executed to J. J. Calder a turpentine lease for the purpose of boxing, working, and otherwise using the timber for turpentine purposes, the lease providing that the lessee may commence working the timber for turpentine at any time that he may desire, and shall have the right to continue to work the timber for the full term of six years from the time the boxing and working first commenced, which lease was duly recorded February 2, 1906; and that Calder assigned his interest in the lease to the plaintiff. In the 5th paragraph it was alleged that the defendant, about March, 1912, entered upon the land and was cupping the timber for turpentine purposes; and in the 7th paragraph it was alleged that the plaintiff and defendant claimed under the same common grantor, to wit W. N. Spear, and that the plaintiff's title is clear. In its answer the defendant admitted having entered upon the land and worked and cupped the timber thereon under a lease made by W. N. Spear to the

21

defendant on February 17, 1911. In response to the allegations of the 7th paragraph the defendant denied the same, and said that the petitioner had no title in law or in equity to the timber. The effect of the pleadings is to admit that both claim under a common grantor. The defendant expressly admitted that it entered upon the land and worked the timber for turpentine purposes by virtue of a conveyance from the same person that the plaintiff claimed under, and alleged by it to be the owner of the timber. The 7th paragraph of the petition alleged not only that both parties claimed under the same grantor, but also that the plaintiff's title was clear; and the denial is to the effect that the plaintiff has no title in law or in equity to the timber. So, on the whole, we construe the pleadings of the plaintiff to charge that the defendant claims the right to work the turpentine under a conveyance from the same person under whom the plaintiff claims, who is alleged to be the owner thereof; and the answer of the defendants to admit this allegation. Where it appears from the petition and the answer that each party to the suit claims from the same common grantor, it is not necessary to show title into the common source. *Brinkley* v. *Bell,* 126 *Ga.* 482 (55 S. E. 187) ; *Garbutt Lumber Co.* v. *Wall,* 126 *Ga.* 172 (54 S. E. 944).

2. The defendant did not set up in its answer any other title than the lease from W. N. Spear, which was of subsequent date to that of the plaintiff; but on the interlocutory hearing it offered to prove an outstanding title acquired subsequently to the filing of the suit, and the court repelled evidence of such title. Where a defendant in his answer admits that he claims under a common grantor, he will not be permitted to prove a paramount outstanding title. The averment that the defendant claimed title from a common grantor is a solemn admission in judicio, and he will not be permitted to introduce evidence to deny any admission in the record until such admission has been withdrawn. *Lydia Pinkham Co.* v. *Gibbs,* 108 *Ga.* 138, 141 (38 S. E. 945) ; *Alabama Midland R. Co.* v. *Guilford,* 114 *Ga.* 627 (40 S. E. 794). The court properly refused to receive the testimony.

3. The evidence authorized a finding that the trespass was a continuing one, and that unless the injunction were granted a multiplicity of suits would ensue. In such case an injunction will issue. *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342 (50 S. E. 164) ; *Loudermilk* v. *Martin,* 130 *Ga.* 525 (61 S. E. 122).

4. The court restrained the defendant from going upon the land and from cupping, boxing, and working the timber. Inasmuch as the defendant was already upon the land, engaged in cupping, boxing, and working the timber, it is contended that the injunction was mandatory in character. We do not think so. The scope of the court's order was not to require the defendant to do a particular act, but to refrain from cupping and boxing the timber.        *Judgment affirmed. All the Justices concur.*