7749. AMERICAN MILLS CO. *v.* HUDSON & THOMPSON.

JENKINS, J. 1. Even were this court to hold that in this case the memorandum or order of purchase for "55 coils of Keystone rope" purports to evidence a full and complete agreement, embracing every necessary stipulation of the contracting parties, yet where, in a suit of the buyer for breach of warranty, it is alleged, in one paragraph of the petition, that when such order was given, "defendant's agent exhibited to plaintiff a sample of rope which he told plaintiff was a specimen of Keystone rope, and solicited plaintiff's order for some of said rope, plaintiff yielded to such solicitation, and accordingly gave him the order hereinbefore mentioned," and in another paragraph it is alleged that "the aforesaid shipments of Keystone rope as made by defendant did not and do not correspond in quality with the sample exhibited to petitioner by defendant's said agent, Mr. Braswell, but the said rope is of such an inferior and defective quality that same is absolutely worthless," and where the defendant, in its answer to the allegation first set out, "admits that its agent, Mr. Braswell, did exhibit to plaintiff a specimen of its Keystone rope," and, in answer to the second quoted averment, "denies that its shipments of Keystone rope did not and do not correspond in quality with the sample exhibited to petitioner by defendant's agent, Mr. Braswell, but alleges that said rope is of the exact quality as the sample shown by its agent to petitioner, and is of the same quality and texture and up to the same grade as the sample submitted by its agent, Mr. Braswell, to petitioner," and in another paragraph of the answer "contends that the said rope as delivered was of the same quality, texture, and kind as the sample submitted by its agent, Mr. Braswell, to petitioner," *held*, that in view of such solemn admission in judicio in the answer, the defendant is estopped from insisting that the writings which passed contained no reference to the obligation that the goods purchased should conform to the sample; and the plaintiff has the right to disprove by parol the assertion of the defendant that the obligation so admitted was fully met. *Williams* v. *Walden*, 124 *Ga.* 913 (53 S. E. 564).

2. It not being disputed by evidence that the article furnished failed to correspond with the sample submitted, the alleged error in admitting hearsay testimony to that effect will be treated as harmless.

3. There was evidence authorizing the verdict, and the other assignments of error are without merit.

  *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
  DECIDED MAY 3, 1917. REHEARING DENIED JUNE 15, 1917.

Action on breach of contract; from city court of Atlanta—Judge Reid. June 22, 1916.

*Herbert J. Haas,* for plaintiff in error.

*Smith, Hammond & Smith, John T. Hardisty,* contra.