21559. ALEXANDER HAMILTON INSTITUTE *v.* VAN LANDINGHAM.

JENKINS, P. J.   1.   "A party to a suit will not be allowed to disprove an admission made in his pleadings, without withdrawing it from the record." *Florida Yellow Pine Co.* v. *Flint River Co.,* 140 *Ga.* 321 (78 S. E. 900).   The defendant in this case having, by a solemn admission in judicio, established the right of the plaintiff to recover unless the affirmative defense pleaded should entitle the defendant to prevail, which admission it was impossible in law for the defendant to contradict by any evidence whatsoever (*New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773, 774 (6), 116 S. E. 922), and there being no proof in support of the defendant's plea of rescission, and such defense not being now insisted upon, the verdict directed in favor of the plaintiff was demanded as a matter of law, although the plaintiff, in unnecessarily seeking to make out a case, had sought to show, in lieu of the full performance on its part alleged by the petition, part performance of the contract and a breach thereof by the defendant such as might have excused

further performance. See, in this connection, *Harper* v. *International Harvester Co.*, 21 *Ga. App.* 819 (95 S. E. 306). Accordingly, it was error for the court to set aside the verdict to which the plaintiff was entitled on the pleadings, by granting the defendant's motion for a new trial.

2. Moreover, this not being a suit on account for goods furnished, but being expressly based upon a written contract for services to be rendered, it would not seem that the provisions of the Civil Code (1910), § 4131, relative to the storage of goods by the shipper upon their refusal by the purchaser, would be applicable; and since the cause of action declared upon was made out, even though the plaintiff may have proved it by evidence such as might not have been admissible, if objected to, because not corresponding to the allegata, still, since the defendant failed to object to the admission of the testimony, he will be taken to have waived his objection to its admissibility under the pleadings (*Napier* v. *Strong*, 19 *Ga. App.* 401 (2), 405, 91 S. E. 579), with the effect that under this view the case was not only conclusively admitted but was actually proved.

3. Since there is no cross-bill of exceptions, no question is made by the record as to whether the court erred in striking portions of the defendant's plea on demurrer.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 18, 1932.

*G. L. Worthy,* for plaintiff. *W. H. Duckworth,* for defendant.