35527. ROGERS LUMBER COMPANY, INC. *v.* SMITH.

DECIDED MARCH 14, 1955.

*William P. Kennedy,* for plaintiff in error.

*Levy, Buffington & Levy,* contra.

FELTON, C. J. Special ground one of the amended motion for a new trial is as follows: "Because the court in the trial of this case permitted the plaintiff to testify orally as to the general contract which he had with the various insurance companies to write insurance. The plaintiff was asked the following: 'Let's go back to the insurance policies. Did you have any agreement with the insurance companies ·to write this insurance? You didn't just send in the policy and tell them you had written policies on them, did you? You had some agreement.' To this question plaintiff answered: 'Not necessarily except a general contract which we have with them whereby they extend to us authority to bind and to write. We had that general contract with the various companies.' Movant objected to the evidence as soon as and at the time it was offered, and then and there urged before the court the following ground of objection: (a) The ground of objection insisted upon by the movant before the court at the time said evidence was offered was that 'The contract is the best evidence. I don't know what kind of agreement he had with the companies, whether he had to pay them himself or not. All those policies show the terms and conditions of cancellation.' The court ruled as follows: 'The burden of proof would be on you and that is a defensive matter. It has to be proven like any other defense, you could have gotten a notice to produce.'"

Admitting that the highest and best evidence of the agreement between the plaintiff and the insurance companies would have been the written contracts testified to and that the court erred in allowing the parol testimony as to the contents of such contracts over proper objection, the error was harmless in this case. The objection was based on the right of the plaintiff to maintain an action for the premiums. The defendant's answer admitted that there were due to the plaintiff certain premiums. The answer alleged in part: "Defendant says that the calculations made by plaintiff, as alleged, are incorrect, and that the earned premiums, correctly calculated, total $448.60, *which is due plaintiff by the defendant,* less the amount which defendant has paid plaintiff,

634

to wit, $423.28, leaving the correct amount *due plaintiff* of $25.32.
. . Defendant shows that in making calculations according to
the allegations set out in this petition and answer, plaintiff is due
your defendant the sum of $457.75 less $107.83, *which defendant
is due plaintiff*, which leaves plaintiff due and owing defendant
the sum of $349.92."   (Emphasis supplied.)

The admissions made in the answer are conclusive against the
defendant so long as they remain in the pleading, and it could
not deny that the right to the premiums due, if any were due,
was in the plaintiff. *American National Ins. Co.* v. *Lynch,* 49
*Ga. App.* 580 (176 S. E. 546); *American Mills Co.* v. *Hudson &
Thompson,* 20 *Ga. App.* 34 (92 S. E. 760); *Cook* v. *Cochran,* 42
*Ga. App.* 478 (6) (156 S. E. 465); *Alexander Hamilton Institute*
v. *Van Landingham,* 44 *Ga. App.* 606 (1) (162 S. E. 304); *Wof-
ford Oil Co.* v. *Story,* 52 *Ga. App.* 496 (3) (183 S. E. 840);
*Williams* v. *Walden,* 124 *Ga.* 913 (1) (53 S. E. 564); *Florida
Yellow Pine Co.* v. *Flint River Naval Stores Co.,* 140 *Ga.* 321
(2) (78 S. E. 900); *Head* v. *Lee,* 203 *Ga.* 191, 203 (8) (45 S. E.
2d 666).   The first special ground of the amended motion for a
new trial is without merit.

For the reasons stated above, the remaining special grounds of
the amended motion are without merit.

The general grounds of the motion are not argued or expressly
insisted on, and will therefore be treated as abandoned.

The court did not err in denying the amended motion for a new
trial.

*Judgment affirmed.   Quillian and Nichols, JJ., concur.*