## 35824. PLYMOUTH RECORD CORPORATION v. BOOKS, INCORPORATED.

DECIDED SEPTEMBER 28, 1955—REHEARING DENIED OCTOBER 13, 1955.

*Julian E. Gortatowsky, Willingham, Gortatowsky & Morrison,* for plaintiff in error.

*Arnold S. Kaye, Harold Karp,* contra.

TOWNSEND, J. ■ Since the defendant's plea of set-off specifically alleged that the exclusive sales-agency agreement was in full force and effect on March 17, the date of the alleged breach by plaintiff in selling its products to J. M. High Company, and further alleged that plaintiff breached its agreement by selling records to such competitor on that day, the plea was not subject to the general demurrer interposed. The written contract pleaded by the defendant, in the form of a letter to it dated January 15, 1954, granted a 60 day "exclusivity" with a statement that it "may be renewed at the expiration date, the same as our arrangements with department stores." The petition also alleges that March 17 was "during the effective period of this exclusive sales contract" and that defendant was granted exclusive sales rights "between the dates of January 15 and May 15, 1954." The allegations are accordingly sufficient to state a breach during the life of the agency agreement, and the trial court did not err in overruling the general demurrer.

■ The president of the defendant corporation testified that the amount sued for was due and owing to the plaintiff, except that he contended (a) that he was entitled to a credit of $393 for advertising, due to the fact defendant had agreed "to give us $1,050 advertising and I used up $393 and I applied that against it," and also (b) that defendant breached the contract by selling records to a competitor during its life, for which reason he was entitled to a credit of the amounts paid to obtain the agreement and to damages for the resale loss due to such breach.

As to the first contention, the defendant pleaded as the contract between the parties a letter written from the plaintiff to it, the letter stating: "If we receive from you immediately your order for 500 Remington records, you may place a 64″ three-column

full length ad similar to Gimbel's ad. We will go along on Plymouth alone on a 50/50 basis, ads to run consecutive weeks— of course, your purchases must warrant continuation of advertising allowances to this extent." It was undisputed that no order for Remington records was placed. By amendment the defendant added that plaintiff "also agreed to reimburse defendant for one-half of the cost of three newspaper ads to be run by the defendant in a local newspaper in the greater Atlanta area, advertising plaintiff's records, the entire cost of which three ads to plaintiff should not exceed the sum of $1,050.00. *In keeping with said agreement* defendant shows that it did on or about the 24th day of January, 1954, run an ad in the Atlanta Journal, the cost of which was $786." (Emphasis added.) The figure $786 appears to be an error, however, as defendant testified on the trial, "That ad cost us $393, but in keeping with the agreement I only billed him for $350." On cross-examination, however, he attempted to deny an agreement to be reimbursed on a 50-50 basis and testified, "They agreed to give us $1,050 advertising and I used up $393 and I applied that against it." Defendant thus puts three constructions upon the agreement in regard to advertising, two of which are in conflict with his sworn pleadings, never stricken or withdrawn, in which he pleads the contract upon which the right to set-off is based. A party to a suit will not be allowed to disprove an admission made in his pleadings without withdrawing it from the record. *Florida Yellow Pine Co.* v. *Flint River Co.*, 140 *Ga.* 321 (78 S. E. 900) ; *Alexander Hamilton Institute* v. *Van Landingham*, 44 *Ga. App.* 606 (1) (162 S. E. 304) ; *Dye* v. *Hirsch*, post. A finding is therefore demanded that plaintiff agreed to reimburse defendant for the advertisement on a 50-50 basis, and that accordingly defendant was entitled to a credit of one half of $393, or $196.50 for advertising.

As to the second contention, the sworn pleadings and also the undisputed testimony upon the trial are to the effect that, by the letter dated January 15, 1954, defendant was granted a 60 day "exclusivity" in the sale of plaintiff's records, and that the renewal option therein was not exercised. Accordingly, March 16, 1954 was the 60th and last day of the contract. On March 17 the president of the defendant corporation overheard plaintiff's agent state in a long distance telephone call to his office, "I

offered him the bait on this newspaper advertising but he wouldn't take it. Anyhow, I feel pretty good about it because I've got the High contract, the J. M. High contract, in my pocket for 5,000 records." Procurement of the High contract by the plaintiff on March 17 would not be a breach of its contract with defendant. There is no evidence which would justify the inference either that the contract was procured prior to March 17 or that the competitor had at that time received and offered for sale in the area any of plaintiff's records. Therefore, a finding is demanded that plaintiff did not breach its contract and thus defendant would not be entitled to any damages on that account, and that the verdict was demanded in the sum of $3,571.20 as sued for, less $196.50, or $3,374.70.

As above stated, the trial court did not take the position that the evidence demanded a finding against this plea, but did charge that it demanded a finding against the defendant in 1 of 6 named amounts, including $3,374.70 if the jury found for half the advertising, or $3,178.20 if they found for all the advertising. The verdict returned was $3,198.20, and the plaintiff wrote off $20 on the theory that the jury had intended to credit defendant with all the advertising, thus reducing it to the authorized amount of $3,178.20. The trial court in granting the new trial further stated that he was morally certain the $20.00 was the result of a clerical error but was of the opinion that this verdict could not be "reformed" by writing off the unauthorized amount, and therefore granted the new trial. This opinion, in connection with the charge of the court, amounts to a grant of a new trial on the special grounds of the motion, all of which deal with this question, and to an overruling of the motion on the general grounds; and the question remaining for decision is therefore whether the grant on this ground amounts to an abuse of discretion under Code § 6-1608 which provides that, "The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge."

"It is well settled that one may voluntarily release a portion of a verdict in his favor when it does not prejudice the rights of the other party. *Griffin* v. *Witherspoon,* 8 *Ga.* 113; *Hendry* v.

*Hurst,* 22 *Ga.* 312; *Steadman* v. *Simmons,* 39 *Ga.* 591; *Stanford* v. *Murphy,* 60 *Ga.* 164; *Johnson* v. *Duncan,* 90 *Ga.* 1; *Augusta R. R. Co.* v. *Glover,* 92 *Ga.* 132; *Mayor of Brunswick* v. *Tucker,* 103 *Ga.* 233; *Savannah, Florida & Western Ry. Co.* v. *Godkin,* supra [104 *Ga.* 655]." *Central of Ga. Ry. Co.* v. *Perkerson,* 112 *Ga.* 923, 939 (38 S. E. 365, 53 L. R. A. 210). Verdicts fall into two classes—where the amount thereof, in the event of liability, is a matter of arithmetical calculation and the plaintiff is willing to write off the excess, the verdict should be allowed to stand; on the other hand, in cases involving the value of a life, pain and suffering, or other items not subject to mathematical calculation but peculiarly for the determination of the jury, the excess cannot be mathematically calculated and consequently cannot be written off. *Seaboard Air-Line R.* v. *Bishop,* 132 *Ga.* 71 (63 S. E. 1103). Here the verdict is one of simple arithmetical calculation. A finding is demanded that the defendant owes the plaintiff more than the amount of the verdict and more than the amount of the judgment after writing off the $20 error. A finding is demanded also that the jury was authorized by the court's charge to find for the defendant the full amount of the advertising, and from all the facts it appears that the jury intended to return a verdict in an amount so authorized, a correction in the figures of which would not be error. See *White* v. *Blasland,* 42 *Ga.* 184; *Gragg* v. *Hall,* 164 *Ga.* 628, 637 (139 S. E. 339).

In *Griffin* v. *Witherspoon,* 8 *Ga.* 113, the court granted a new trial although the plaintiff voluntarily remitted that portion of the verdict not authorized by the evidence (it being subject to calculation), and on appeal this first grant of a new trial was held to be error. The Supreme Court stated: "We think the plaintiff had the right to remit the excessive damages found by the jury, and as that was the only ground taken for a new trial, the motion ought to have been refused. We do not readily perceive the reason or the policy which requires a party to litigate, when he is willing to surrender to his adversary all that he claims."

Here, the plaintiff has surrendered to the defendant, if not all that he claims, more than the undisputed evidence shows him to be entitled to. A verdict was demanded in a sum slightly greater than that returned, but of this the defendant cannot complain. The grant of the new trial was based on an erroneous interpre-

759

tation of the law and was therefore an abuse of discretion, there being no conflict in the evidence.

In *McCrary* v. *Gano,* 115 *Ga.* 295 (41 S. E. 580), cited by the defendant, the court undertook to add to the verdict, against the defendant's consent, an amount representing attorney fees as to which the jury had made no finding, thus increasing defendant's liability by an amount not included therein; and as to such amount the defendant did not have the benefit of a jury trial in contravention of Article I, Sec. I, Par. V of the Constitution of this State (Code, Ann., § 2-105). In *Brooke* v. *Lowry National Bank,* 141 *Ga.* 493 (4) (81 S. E. 223), and *Rice* v. *Farmers Bank of Bowman,* 149 *Ga.* 530 (101 S. E. 178), the defendant sought to have written off an amount from a verdict returned for the plaintiff, without the plaintiff's consent. In *Davis* v. *Wright,* 194 *Ga.* 1 (4) (21 S. E. 2d 88), the court sought to reform a verdict in material respects, including an award to the plaintiff of interest which the jury had not assessed against the defendant. In those cases the injured party was the complaining party, whereas here the contrary is true.

The trial court erred in granting the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*