36849. GRIGSBY *v.* FLEMING *et al.*

DECIDED OCTOBER 29, 1957—REHEARING DENIED NOVEMBER 12, 1957.

*Haas, White & Douglas*, for plaintiff in error.

*Augustine Sams*, contra.

NICHOLS, J. ■ One of the grounds of Grigsby's motion for directed verdict, on which motion his motion for a judgment non obstante veredicto is based, is that the evidence showed that the defendant Phillips was not "the contractor" but was a member of a partnership composed of himself and one Bill Taylor, and that the contract to improve the real estate was held by the partnership; that since Taylor had not been sued nor was the plaintiff relieved from suing him under Code (Ann.) § 67-2002 (3), the trial court should have granted his motion for a judgment non obstante veredicto.

The plaintiff's petition alleged that Grigsby, the property owner, employed Phillips to improve the real estate. This allegation was admitted by Grigsby in his answer. For further plea and answer Grigsby alleged, in part, "This defendant shows that he entered into a contract with the defendant Phillips by the terms of which contract the defendant Phillips agreed to supply all labor and materials for gypsum wallboard installation in the building of a house at 615 West Wesley Road, N.W., Atlanta, Georgia, . . ."

It is well settled in Georgia, as was stated in *Plymouth Record Corp. v. Books, Inc.*, 92 *Ga. App.* 753, 756 (90 S. E. 2d 336), that: "A party to a suit will not be allowed to disprove an admission made in his pleadings without withdrawing it from the record. *Florida Yellow Pine Co. v. Flint River Co.*, 140 *Ga.*

321 (78 S. E. 900); *Alexander Hamilton Institute* v. *Van Land-ingham,* 44 *Ga. App.* 606 (1) (162 S. E. 304)." Therefore, where under the pleadings of the defendant Grigsby it was admitted that he contracted with the defendant Phillips and such pleadings were not withdrawn, the contention on appeal that Phillips had a partner who was neither sued nor shown to be in that class of persons which the plaintiff need not have sued, is without merit.

■ The remaining ground of Grigsby's motion for a directed verdict is that the evidence did not make it affirmatively appear that the material allegedly sold Phillips was used in the improvement of his property. The evidence that the material was delivered to the "job" is uncontradicted; therefore the real question presented is whether there was evidence showing that the material was actually *used* to improve Grigsby's property after it was delivered. One witness, Rex Nelson, testified positively on direct examination for the plaintiff that such material was used to improve Grigsby's property, and although this same witness testified on cross-examination that he did not see *each* piece of such material installed, his positive testimony that it was so used was uncontradicted. There was no evidence that the material was not used for this purpose. Therefore it is immaterial whether Phillips' testimony to the same effect, that it was used to improve Grigsby's property and did not leave the job, was impeached or not, since Nelson's testimony was uncontradicted by any other witness. Accordingly, a finding that the material was used to improve the real estate of the defendant Grigsby was demanded.

■ Grigsby's remaining contention is that the account under which the plaintiff furnished Phillips materials to be used in improving his real estate was so mingled with other accounts under which the plaintiff furnished Phillips material for construction work for other land owners that a verdict for the plaintiff against him was unauthorized. This was not a ground of the plaintiff in error's motion for a judgment non obstante veredicto but was a ground on which he placed his contention that a directed verdict for the plaintiff was error.

The evidence adduced with reference to this contention shows that prior to, during, and after the material was sold to Phillips

to be used in improving Grigsby's property the plaintiff kept one ledger card on its customer, Phillips, that such ledger card showed, with reference to material sold, the date that such materials were sold, the delivery ticket number, the gross sales price, and the sales tax, and with reference to payments the date of such payment, a reference number, which was not explained, and the amount of such payment. After each entry the balance then due on the account was shown, and at the time the entries were made this ledger sheet was the only original record kept by the plaintiff showing its account with the defendant Phillips. On February 1, 1954, 20 days after the last "payment" was made on the account and 26 days after the last delivery of material to Phillips to be used in improving Grigsby's property, the ledger card was replaced by several ledger cards, each showing material sold to Phillips for a particular "job." The payments which had previously been applied to the "general account" were then applied to certain jobs only and no credit was given for such payments on the material delivered to the "job" for Grigsby performed by Phillips although a majority of the material delivered to this "job" was the first material delivered after a date when the account had been paid in full. There was evidence that Phillips instructed the plaintiff to credit the payments made after the material was delivered to the "job" for the defendant Grigsby to a particular account; however, it does not appear that such credit was given until the "general account" was replaced by the separate accounts.

In *Williams* v. *Willingham-Tift Lumber Co.*, 5 *Ga. App.* 533, 535 (63 S. E. 584), it was said: "When a materialman is furnishing at the same time material to one contractor for the improvement of property belonging to different persons, and has full knowledge of the separate contracts, and money is paid to the materialman by the contractor from time to time on account of the material so furnished, it is incumbent upon the materialman to keep separate accounts and to find out from the contractor on what contract the money is paid, and to what account it should be applied. If he does not do so, but applies the money as a credit on a general account against the contractor, he thereby waives his right to a lien on the owner's property, and must look alone to the contractor."

668

In the present case the evidence shows conclusively that it was only after Phillips got into financial difficulties that the plaintiff stopped using this one account in its dealings with Phillips and began charging materials to individual accounts and even went back to the general account and broke this account down to separate accounts so as to attempt to have its books in shape to pursue the liens on the property improved with material sold by it to Phillips. Therefore, under the decision in *Williams* v. *Willingham-Tift Lumber Co.*, 5 *Ga. App.* 533, supra (see also Colonial Oil Co. *v.* United States Guarantee Co., 56 Fed. Supp. 545), this court is bound to hold that the direction of the verdict against Grigsby was error.

The grounds urged by Grigsby in the trial court in support of his motion for a directed verdict, were insufficient to require a judgment in his favor; therefore the trial court did not err in denying his motion for a judgment non obstante veredicto. However, since the direction of the verdict against Grigsby was error, the judgment denying his motion for new trial must be reversed.

*Judgments affirmed in part and reversed in part. Felton, C. J., and Quillian, J., concur.*