### 38370.   ARNOLD v. JOWERS.

DECIDED JULY 1, 1960.

*Parker, Clary & Kent,* for plaintiff in error.
*James Maddox,* contra.

NICHOLS, Judge. "1. Brokers in whose hands property is placed for sale, in order to earn commissions on account of the sale of such property, must either have sold it or have been the procuring cause of the sale. *Doonan v. Ives,* 73 Ga. 295 (1); *Graves v. Hunnicutt,* 8 Ga. App. 99 (68 S. E. 558). 2. Where property placed in the hands of a broker for sale is subsequently sold by the owner, the broker is entitled to the commission if he was the procuring cause of the sale, although the sale was actually consummated by the owner. *Hardin v. Stansel,* 13 Ga. App. 22 (1) (78 S. E. 681); *Case Threshing Machine Co. v. Binns,* 23 Ga. App. 46 (3) (97 S. E. 443). 3. In determining whether a broker has earned his commission for procuring a purchaser, it is not necessary that his services shall have been the sole cause, but it is enough if the efforts of the broker, acting on the purchaser, are the efficient cause of his offer. Handley v. Shaffer, 177 Ala. 636, 648 (59 So. 286); *Edwards v. Andrews,* 24 Ga. App. 645 (1) (101 S. E. 775)." *Wilcox v. Wilcox,* 31 Ga. App. 486 (1, 2, 3) (119 S. E. 445).

"It is a well-recognized rule that where the owner of property has listed it with a real-estate broker to be sold, and the broker procures a prospective purchaser, and the owner with knowledge of this fact intervenes or sells the property to the customer or prospective purchaser procured by the broker, an inference is authorized that the broker has earned a commission

and can recover it from the owner." *Mendenhall v. Adair Realty &c. Co.*, 67 Ga. App. 154, 158 (19 S. E. 2d 740).

Where the testimony of a party is equivocal or contradictory it must be construed most strongly against him. *Wood v. Frank Graham Co.*, 91 Ga. App. 621, 627 (86 S. E. 2d 691). Admissions made in an answer are conclusive against the defendant so long as they remain in the pleadings. *Rogers Lumber Co. v. Smith*, 91 Ga. App. 632, 634 (86 S. E. 2d 640), and citations.

The defendant admitted the existence of the "listing" in his answer, and the testimony of the wife of the defendant that she had called the plaintiff prior to the time when the purchaser was procured and told him that she and the defendant had decided not to sell the house was without probative value in view of the admission in the pleading that the "listing" was in existence.

The defendant testified that he knew that the plaintiff had procured the purchaser before the purchaser had looked at his house and before the defendant had looked at the house (traded to the defendant) then owned by the purchaser. He also testified that he had no knowledge that the plaintiff was claiming to have procured the purchaser until after he and the purchaser had seen the other's house and they were ready to trade. Construing such equivocal or contradictory testimony against the defendant, as must be done in such cases, it must be construed that the defendant did know that the plaintiff had procured the purchaser when the negotiations were in progress and before either had looked at the house of the other. The purchaser's wife testified that she was sent to the defendant after contacting the plaintiff to find out if he had any property "listed" such as that purchased. The plaintiff testified that he was a licensed real-estate broker, that the defendant "listed" the property with him for sale, that he advertised such property, received a call from the purchaser's wife and put her and her husband in contact with the defendant, that thereafter the defendant requested him not to actively engage in the transaction because the purchaser wanted to trade houses and was afraid of having to pay a commission if a real-estate broker was involved, that the defendant promised at that time to pay the commission after the sale was closed, but that after the sale was closed the de-

fendant refused to pay the commission due under contract. The evidence demanded the verdict for the plaintiff, and any alleged error in the court's charge, the special grounds of the amended motion for new trial, if error, was harmless.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*