39303, 39311. GOSS v. DAVENPORT *et al.;* and *vice versa.*

DECIDED FEBRUARY 20, 1962.

*Wayne W. Gammon,* for plaintiff in error.

*Cecil D. Franklin,* contra.

JORDAN, Judge. The uncontradicted evidence adduced on the trial of the case disclosed the existence of a building contract between the defendant and the contractor; that materials were purchased by the contractor for use in the improvements on the defendant's home made under said contract; that the materials were used in making said improvements; that the materials came within the contract price; and that a lien had been duly recorded and a judgment secured against the contractor in accordance with the provisions of *Code* § 67-2002. Accordingly, a verdict

for the plaintiff was demanded (the trial judge therefore being authorized to enter a judgment notwithstanding the verdict), unless there was some evidence to support the allegations of the plea and answer that the materials purchased by the contractor and used in the performance of the contract had been paid for by the contractor.

The only evidence on this issue was that of the owner who testified that he had paid the contractor $2,000 on January 9, 1958, and that of the contractor, who testified that he had paid the plaintiff materialman $2,500 on January 10, 1958. The evidence did not affirmatively show, however, that the payment made by the contractor to the plaintiff materialman was derived from the funds received by the contractor from the owner; and in any event the contractor testified that he directed that the materialman apply the payment made by him on January 10, 1958, to other accounts which he owed the materialman on that date and that none of this money was applied as credit for the materials furnished for use in the defendant's job. The plaintiff testified that this sum of money was applied to other accounts. See *Code* § 20-1006. There was no evidence that the owner attempted in any way to have the amount advanced to the contractor properly appropriated by the contractor to the indebtedness incurred under the contract.

Accordingly, since, under the decisions of the Supreme Court in *Green v. Farrar Lumber Co.*, 119 Ga. 30 (46 SE 62), and *Prince v. Neal-Millard Co.*, 124 Ga. 884 (2), 894 (53 SE 761, 4 AC 615), the burden is on the owner where he has made advances to the contractor of showing their proper application by the contractor in order to defeat a lien claimed by the materialman, the jury was not authorized to find for the owner on this issue and the trial court did not err in entering its judgment for the plaintiff in accordance with its motion for judgment notwithstanding the verdict.

*Judgment affirmed on main bill of exceptions; cross-bill of exceptions dismissed. Nichols, P. J., and Frankum, J., concur.*