### 40232. TUMLIN v. WILSON.

HALL, Judge. The plaintiff brought suit for foreclosure against the defendant's property of his materialman's lien for $1,104.75. The trial resulted in a verdict and judgment for a lien of $400. The plaintiff assigns error on the trial court's overruling of his motion for judgment notwithstanding the verdict. *Held:*

The only issue is whether the evidence demanded a verdict for the plaintiff in the full amount sued for. The plaintiff's evidence showed that materials amounting to $1,104.75 were furnished to the contractor and delivered to and used in improving the defendant's real estate. See *Grigsby v. Fleming,* 96 Ga. App. 664, 666 (101 SE2d 217). There was evidence

that the contractor had absconded. The defendant's pleadings and proof contended that he had a $2,200 contract; that the contractor abandoned the contract before completion; that he had paid the contractor in full, $1,750.00, for all work completed; and that it would cost several hundred dollars to complete the work. "In an action by a materialman, who has furnished materials to a contractor to improve real estate of an owner, to foreclose his lien, authorized under *Code Chapter* 67-20, the maximum liability of such owner to such materialman is fixed by the contract price between such owner and such contractor. The abandonment by the contractor of his contract does not constitute a defense on behalf of the defendant owner as to materials actually used in the improvement of the premises unless the owner after such abandonment by the contractor, has the improvements provided for in the contract completed, thus forming the basis for additional liens to attach against the owner's property." *Roberts v. Georgia Sou. Supply Co.*, 92 Ga. App. 303 (1) (88 SE2d 554). "The owner cannot avail himself of the defense of what it might cost to finish an uncompleted contract, as no such estimate constitutes a lien." *Roberts v. Georgia Sou. Supply Co.*, supra, p. 307. The plaintiff having proved his claim within the contract price and the defendant having proved no basis for other liens, the trial court erred in overruling the plaintiff's motion for judgment notwithstanding the verdict. *Goss v. Davenport*, 105 Ga. App. 386 (124 SE2d 485).

*Judgment reversed with direction. Carlisle, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 4, 1963.

*Hicks & Howard, G. Robert Howard,* for plaintiff in error. *Jean E. Johnson, Sr.,* contra.