40814.  WEYANDT et al. v. BALLARD et al.

DECIDED SEPTEMBER 8, 1964—REHEARING DENIED
SEPTEMBER 23, 1964.

*Joe E. Freeman, Jr., Paul M. Hawkins,* for plaintiffs in error.
*Lokey & Bowden, Glenn Frick,* contra.

EBERHARDT, Judge. ■ Ground 4 of the motion complains of the failure of the court to give a requested charge in the exact language that any negligence on the part of the driver of plaintiffs' truck (the Southern Latex driver) would not be imputable to plaintiffs. Instead, the trial court submitted the question of agency to the jury, instructing them that the driver would have to be found to be plaintiffs' agent before any negligence could be imputed to them.

It is axiomatic that a requested charge must be pertinent, legal and adjusted to the pleadings and the evidence before failure to charge it is error. *Code Ann.* § 70-207. See Georgia Procedure & Practice, 397, § 18-5. The difficulty with the charge requested is that it was not adjusted to the pleadings and the evidence.

As pointed out in the statement of facts, plaintiff's petition refers to the driver of their truck as "petitioners' driver" on three occasions. The allegations of ownership of the truck involved in the collision are that it was "petitioners' vehicle" or the like in eight places and the "vehicle belonging to your petitioners" in one place. The petition appears to allege a typical suit between two parties whose trucks were being driven by their agents. The leasing arrangement made by plaintiffs with Southern Latex was not plead.

The allegations concerning "petitioners' driver" were never stricken or withdrawn. We view them as admissions made in the pleadings or admissions in judicio just as the pleading of the ownership of the vehicle. The Code and decided cases make such admissions binding unless withdrawn. *Code* §§ 38-114, 38-402. *Florida Yellow Pine Co. v. Flint River Co.*, 140 Ga. 321 (2) (78 SE 900); *New Zealand Fire Ins. Co. v. Brewer*, 29 Ga. App. 773, 774 (6) (116 SE 922); *Alexander Hamilton Institute v. Van Landingham*, 44 Ga. App. 606 (1) (162 SE 304); *Plymouth Record Corp. v. Books, Inc.*, 92 Ga. App. 753, 756 (2) (90 SE2d 336); *Dye v. Hirsch*, 92 Ga. App. 803, 805 (2) (90 SE2d 332); *Grigsby v. Fleming*, 96 Ga. App. 664, 665 (2) (101 SE2d 217); *Arnold Services, Inc. v. Sullins*, 110 Ga. App. 19 (137 SE2d 727). Some of these cases state the rule in stronger terms, such as "a party to a suit will not be allowed to disprove an admission made in his pleadings, without withdrawing it from the record." *Florida Yellow Pine Co. v. Flint River Co.*, 140 Ga. 321, supra, and, "which admission it was impossible in law for the defendant to contradict by any evidence whatsoever. . . ." *Alexander Hamilton Institute v. Van Landingham*, 44 Ga. App. 606 (1), supra. However, we simply conclude that this admission vitiated any question of error by the court in refusing to give the requested charge.

■  In ground 5, the motion complains of the court's charge that the jury must find that the Southern Latex driver was plaintiffs' agent before negligence could be imputed to plaintiffs. The assignment of error is that the charge was argumentative, confusing and misleading.

We conclude that the charge was subject to none of these infirmities but was, in fact, authorized under the factual situation detailed in the preceding division of this opinion.

The trial judge did not err in overruling the amended motion for new trial.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*