11665. DOBBS, for use, etc., *v.* BELL LAUNDRY *et al.*

SMITH, J. 1. There is no merit in either of the grounds to dismiss the bill of exceptions, and the motion is denied.

2. "When the plaintiff relies on title to recover possession of personal property wrongfully withheld from him, he must show a legal title; a mere equitable title will not suffice. When, therefore, it appears that the legal right of action is not in the plaintiff, he has no right of action at all, either in his own name or in that of another. He cannot sue for the use of the person who has the legal right of action, but the action should be brought in the name of the real plaintiff. See *Richmond & D. R. Co.* v. *Bedell,* 88 *Ga.* 591 (3); *Cunningham* v. *Elliott,* 92 *Ga.* 159." *Mitchell* v. *Georgia & Ala. Ry.,* 111 *Ga.* 760, 771 (2) (36 S. E. 971, 51 L. R. A. 622).

3. The evidence in the instant case showing that the plaintiff bringing the suit was the agent for the defendant, and that he had no general or special property in the goods sued for, the court did not err in granting a nonsuit.

4. Where a plaintiff in bail-trover replevies the property in controversy, on the defendant's failure to do so, and suffers nonsuit on the trial of the case, the defendant may enter up judgment against the plaintiff and the sureties on his bond for the value of the property; and if the defendant is content with the value stated in the plaintiff's affidavit to obtain bail, no further proof or assessment of value is necessary.

(a) Where, however, as in the instant case, the amount stipulated in the plaintiff's affidavit to obtain bail is $150, and the defendant is content to take a judgment for this amount, the defendant is not entitled to a judgment for a larger amount; and therefore the judgment of the lower court is affirmed with direction that the defendant write off the sum of $50 from the amount of the judgment ($200); otherwise the judgment is reversed.

*Judgment affirmed, with direction. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 2, 1920.

Trover; from Cobb superior court — Judge Blair. March 9, 1920.

By bail-trover against the Atlanta Northern Railway Company and the Bell Laundry, a corporation doing business in Atlanta, Ga., C. H. Dobbs, suing for the use of many persons named, sought to recover articles of wearing apparel, table and bed linen, towels, etc. In the petition it is alleged that the railway company, "by instructions of the said Bell Laundry, is in possession of four baskets of" such articles, "to which plaintiff claims the right of possession for the use of the usees named hereinbefore; said defendants are illegally withholding said possession against the will and permission of plaintiff without cause or right; he has demanded said baskets of clothing, which demand has been refused and the said clothing retained illegally. The value of said clothing is $150, and its monthly rental $25." In the plaintiff's affidavit to obtain bail it is stated that "said personal property is reasonably worth the sum of $150." The answer of the Bell Laundry contained averments as follows: "The Atlanta Northern Railway Company, a common carrier, was in possession of four baskets of clothing, bed linen, and table linen, which had been sent to this defendant by C. H. Dobbs, for the purpose of having the same laundered, and defendant had laundered same and had a lien on same for charges, which amounted to the sum of $100; and . . there was due to this defendant by said C. H. Dobbs the further sum of $116 by reason of laundry done prior to this shipment of clothing shipped by said C. H. Dobbs to defendant for this purpose. . . Said

Dobbs was unwilling to pay charges lawfully due this defendant on said shipment of laundry and had used this means of taking possession of said goods without paying defendant's charges, and on charges due Atlanta Northern Railway Company. . . Defendant has never held such clothing, etc., nor was he in possession of same at said time, and same was in possession of Atlanta Northern Railway Company, a common carrier, as agent of this defendant. . . The value of said clothing was some $400 and not $150. . . Wherefore defendant prays that it will have and recover of said C. H. Dobbs the sum of $216 and costs of this suit."

On the trial C. H. Dobbs testified: "I filed this suit for the use of the parties whose names appear here as usees. I am agent for the Bell Laundry Company. I get up clothing for them to clean and press, send them down from here to Atlanta to the Bell Laundry, and, after they are cleaned and pressed and laundered, they are returned to me and are distributed by me to the owners. The owners pay me for their laundry whenever I deliver it to them. During last year I was agent for the Bell Laundry Company of Atlanta. I took up laundry and sent it to them for other people. They were to do up the laundry and return it through me to the customers. At the time of sending the laundry I knew what the charge would be, and would also know when they would send a bill for the laundry work. When it was time for me to get this lot of laundry back to deliver I went to the freight office and undertook to get the laundry back to deliver; I offered to pay the laundry prices and they refused to take it. I called the Bell Laundry Company up. . . I told them I wanted to pay the expense on this particular bill. . . They said they couldn't let me have the laundry. . . This laundry belonged to people whose names are joined in this suit here; none of the clothing was my individual stuff. These people did not owe the laundry anything except on their particular wash that had been done this week. . . The people that had given me laundry had turned the money for their laundry over to me as a representative of the Bell Laundry Company for the laundry they had done; these people did not owe anything else except for the laundry they had done that week. . . The owners of the clothing don't owe the Bell Laundry Company anything for laundry work; they have paid. . . It

would be mighty hard to tell what the four baskets of clothing were worth. . . I have no idea what the goods . . were worth, but it was some several hundred dollars. I suppose I know they were worth more than $150. . . I did not own anything in these baskets." There was testimony as to indebtedness of Dobbs to the Bell Laundry and as to claims made by him for shortages, which were unsettled, and offers by him to pay certain sums to get the articles in question. He testified that he had collected $200 from people whose laundry he had delivered, and had not delivered the money to the Bell Laundry.

At the conclusion of the testimony the court, on motion of counsel for the Bell Laundry, granted a nonsuit, and then "ordered, on motion of defendant, that defendant have a judgment of restitution of plaintiff, and have and recover of C. H. Dobbs, principal, and J. F. Hicks, security, on the within bond, the sum of $200." The plaintiff excepted to the judgments stated.

The motion to dismiss the writ of error was on the grounds, that the plaintiff in error failed to name in the bill of exceptions the Atlanta Northern Railway Company as a party defendant, although service was duly acknowledged by both defendants; that the bill of exceptions was not presented to and certified by the judge of the trial court in the time required by law; and that it was filed more than 15 days after the date of the certificate of the judge. The judgments complained of were rendered on March 9, the judge's certificate was dated May 31, and the bill of exceptions was filed with the clerk of the superior court on June 14, 1920. In the bill of exceptions and in the judge's certificate it is stated that the bill of exceptions was presented to him within sixty days from the date of the trial and of the judgments complained of. The clerk's certificate, dated June 21, 1920, states that the term of the court at which the case was tried "is still open."

*Mozley & Gann, H. B. Moss,* for plaintiff.

*W. F. Buchanan, Clay & Blair,* for Bell Laundry.