## 17663.  LOGAN *et al. v.* GREER.

Where at the time of execution of a security deed to land a windmill was attached to the land as a part of the realty,· and afterwards the maker of the deed, while in possession of the land, moved the windmill to land owned by his wife, and thereafter, under a power of sale in the security deed, the maker having failed to pay the secured debt when due, the land so conveyed was sold to pay the debt, the purchaser at the sale acquired title to the windmill, and trover for its recovery was maintainable against the maker of the security deed and his wife.

DECIDED DECEMBER 14, 1926.

Trover; from city court of Americus—Judge Harper.  September 2, 1926.

*Wallis & Fort,* for plaintiffs in error.

*J. A. Hixon, Ellis, Webb & Ellis,* contra.

LUKE, J.  A trover suit for a certain windmill was brought against J. R. Logan and his wife.  The testimony in the case discloses that Logan borrowed money from an insurance company, and secured the loan by a security deed to certain land, to which, at the time of the execution of the deed, the windmill was attached as a part of the realty; that subsequently, while Logan was in possession of the land, he detached the windmill and moved it over upon lands owned by his wife.  He defaulted in payment of his notes, and under a power of sale in the security deed the property was sold, and the bid was transferred to Greer, who brought this suit.  The defendants pleaded that, the windmill having been moved prior to the sale of the land conveyed in the security deed and while Logan was in possession of the land, the title to the windmill and the right to sell the same was divested from the grantee in the security deed.  To support this contention they relied upon the cases of *Colquitt County Land Co.* v. *Rowell,* 30 *Ga. App.* 738 (119 S. E. 223), *Boswell* v. *Ivie,* 31 *Ga. App.* 807 (122 S. E. 97), and *Dobbs* v. *Bell Laundry,* 25 *Ga. App.* 734 (105 S. E. 53).  The verdict was in favor of Greer, for the money value of the windmill.  A motion for a new trial was overruled, and the movants excepted.

The evidence amply authorized the verdict.  The cases referred to above are by their particular facts distinguishable from the case under consideration.  The grantor in the security deed and

---

Fixtures, 26 C. J. p. 726, n. 83; p. 734, n. 59, 60.
Mortgages, 41 C. J. p. 996, n. 5; p. 997, n. 38. .

his wife were in possession of property the title to which he had conveyed to Greer's predecessor in title. Logan had the right of possession until the grantee in the security deed elected to sell and did sell the property conveyed in the security deed. When the property was sold under the security deed there was a union of title and right of possession in the purchaser, and, under all the facts of the case, it was not necessary that the grantee reconvey the property to the grantor.

None of the special grounds of the motion for a new trial are meritorious, and, the verdict being authorized by the evidence, the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*