**20369.   COOK *v.* COCHRAN.**

</div>

BELL, J.   1.  Upon the death of a partner, title to personal property of the partnership vests in the surviving partner or partners, with the right to dispose thereof for paying the debts and making distribution. Civil Code (1910), § 3177; *Huggins* v. *Huggins,* 117 *Ga.* 151 (4), 158 (43 S. E. 759).  Accordingly, the petition in the instant case having alleged that the death of the partner occurred after the execution of the note sued on, the title to the note appeared prima facie to have vested in the surviving partner.

2.  Where title to property, even a promissory note, is shown to have been at one time in a certain person, his ownership is presumed to continue until the contrary appears.  *Hobbs* v. *Citizens Bank,* 32 *Ga. App.* 522 (4) (124 S. E. 72), and cit.  Therefore, the petition of the surviving partner sufficiently showed a right of action in himself as such on the promissory note of the partnership which was sued on.

3.  For the purpose of winding up the affairs of a partnership consisting of two members, one of whom dies, the surviving partner, being primarily liable to the creditors of the partnership, has the right to control the assets belonging to the firm, to the exclusion of the legal representative of the deceased partner; and until the interest of the deceased partner in the partnership assets is ascertained and his portion is turned over to his representative, the latter can maintain no suit for the recovery of the joint effects.  Civil Code (1910), § 3176; *City of Atlanta* v. *Dooly,* 74 *Ga.* 702, 709; *Louisville & Nashville R. Co.* v. *Morse,* 143 *Ga.* 110 (84 S. E. 428).  Accordingly, the administrator of the deceased partner was properly omitted as a party plaintiff in the present suit.

4. Although the cause of action was predicated upon a note given for the purchase-price of land, the title to which upon payment of the note or a satisfaction of the judgment based thereon would have to be made to the defendant purchaser both by the surviving partner and the personal representative (or the heirs at law,—Civil Code of 1910, § 3178) of the deceased partner, this fact would not require that the administrator of such deceased partner should be joined as a party plaintiff. The defendant, upon payment of the debt, will have his remedy to compel conveyance by the administrator or the heirs at law of the deceased partner. Civil Code (1910), §§ 3178, 4016, 6037; *Bank of Southwestern Georgia* v. *McGarrah*, 120 *Ga.* 944 (3) (48 S. E. 393); *Citizens Mercantile Co.* v. *Easom*, 158 *Ga.* 604 (123 S. E. 883, 37 A. L. R. 378).

5. Applying the above rulings, the petition set forth a cause of action, and the demurrers thereto were properly overruled

6. Although the defendant is not required to answer an amendment to the petition, and his failure to answer is not to be construed as an admission of the truth of the statements contained in the amendment (*Hudson* v. *Hudson*, 119 *Ga.* 637 (4), 46 S. E. 874), yet, if he does answer it, he is bound by any admission which he may make as to facts alleged therein (*Raleigh & Gaston R. Co.* v. *Pullman Co.*, 122 *Ga.* 700 (6), 50 S. E. 1008); and in the instant case the plaintiff, by an amendment to the petition, apparently made in response to a demurrer of the defendant, having pleaded and set forth as an exhibit the bond for title alleged to have been executed simultaneously and as a part of the same contract with the note sued on, and the defendant having thereafter filed an amendment to his answer in which he referred to the "lots purchased by the defendant," and to "the note and contract," without any denial of the execution of either, and having in his original answer admitted the execution of the note and having voluntarily assumed the burden of proof upon the trial, he will be held to have admitted the due execution and delivery of the bond for title as a part of a contract for the purchase and sale of the lands described therein. *Hoffman* v. *Franklin Motor Car Co.*, 32 *Ga. App.* 229 (7) (122 S. E. 896).

7. The verdict and judgment, in providing a special lien upon the real estate, was not erroneous or contrary to law as being unauthorized by the evidence.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 15, 1931.

*Slater, Moore, Oberry & Wheless,* for plaintiff in error.
*H. C. Barnes, Mingledorff & Gibson,* contra.