## 24620. WOFFORD OIL COMPANY v. STORY et al.

DECIDED JANUARY 31, 1936.

*Randall Evans Jr., O. C. Hancock,* for plaintiff in error.
*J. Q. West,* contra.

MacIntyre, J. The plaintiffs alleged, in paragraph 3 of their petition: "That the said defendant, through its agent, C. F. Hunt, a resident of Thomson, Georgia, did, on July 10, 1933, approach petitioners on the question of obtaining an option to purchase a lot owned by petitioners at the corner of Hill Street and Jackson Street in the City of Thomson, Georgia. After some negotiations had taken place, petitioners gave the said Hunt an option or a binder, wherein the said Hunt paid Miss Sallie Story, one of the plaintiffs

in this case, the sum of $5 in cash to bind the agreements contained in the said option or binder. The said binder specified that petitioners agreed to sell the said corner lot of land to the Wofford Oil Company at and for a price of $4000, and the agreement further provided that the Wofford Oil Company was to move the dwelling located on the said lot or near the corner thereof to a position on the rear end of the said lot near the property line of Charles E. Lokey, and that the moving would be done in a workmanlike manner, and that the dwelling would be left in as good condition as before the moving. Petitioners signed the said contract, which was also called a binder, and received the cash payment of $5 on the terms and conditions as set out in the said binder. Petitioners were never given a copy of the said binder, and therefore the same can not be attached to this petition; but defendant has a copy of said binder in its possession, and notice is hereby given to the defendant to produce the said binder, or option, or contract, whatever may be its name, on the trial of this case and from term to term until said action is finally disposed of." The defendant in answering stated: "The allegations contained in paragraph three of plaintiff's petition, pertaining to the obtaining of the option to purchase said lot therein referred to, the agreement to sell said lot at and for a price of $4000, and the agreement of defendant to move the dwelling located on said lot, are admitted. Further answering paragraph three, defendant says that it agreed to move the dwelling located on the property purchased from plaintiffs, as its own expense, to an adjacent lot owned by plaintiffs of sufficient size to accommodate said dwelling."

The evidence for the plaintiffs was in part to the effect that Hunt took two options for the Standard Oil Company while working for that company, that both these options had expired, that after their expiration, on July 10, 1933, he paid the plaintiffs $5 on the contract, or option, or binder, to close the trade with the Wofford Oil Company, and asked them if they would keep a secret, and then stated he was going with the Wofford Oil Company and if the Standard Oil Company knew it they would put the "skates under him." Hunt told the plaintiffs that the Standard Oil Company was not going to take the lot, but the Wofford Oil Company was going to take it, and he gave them $5, and said the man would be there tomorrow; that shortly thereafter the Wofford Oil

Company delivered to the plaintiffs a check for $4000 for the purchase-price of the property, and the plaintiffs delivered to it a deed, but that the Wofford Oil Company held up the payment of the check until the $5 which was paid on the original purchase-price, or paid as a binder, was paid or returned to it. The defendant introduced an option dated May 8, 1933, the material parts of which are as follows: "The consideration of this option is four thousand dollars, and a part of this agreement is, that, should the holder of the option exercise the rights ·hereunder, the purchaser is to remove from the said lot the home dwelling now occupied by the Misses Story and to move the house to another part of the land on the south ·side of the lot, and that the moving will be in workmanlike manner, and that the house after the moving will be in good shape and not remshacked. The term of this option shall expire June 8, 1933. And in consideration of one ($1.00) dollar cash in hand paid to me by C. F. Hunt, receipt of which is hereby acknowledged, we agree to hold this option open until the 8th day of June, 1933." And on the back of the option was a transfer to the Wofford Oil Company, signed by Hunt, the material parts of which were as follows: "For and in consideration of the sum of one dollar ($1.00) in hand paid, the receipt of which is hereby acknowledged, the undersigned, C. F. Hunt, does hereby transfer and assign to Wofford Oil Company of Georgia the within option agreement, together with all the rights and privileges as herein contained, Wofford Oil Company of Georgia agreeing to carry out all the terms; provided however, that said option is exercised and the agreement to purchase is carried out." Hunt testified to the effect that he bought the option for himself alone, and later transferred it to the Wofford Oil Company, and that he did not deliver to the Wofford Oil Company any contract on the 10th day of July, 1933, other than the contract introduced by the defendant. The plaintiffs testified that the contract with the Wofford Oil Company, on July 10, 1933, as to the removal of the house (the only issue raised in the pleadings) was substantially the same as that in the option which was introduced by the defendant, and which had expired on June 8, 1933.

1-3. The only issue raised by the petition and the answer is this: Did the defendant move the dwelling-house from the lot it purchased to the adjacent lot in a workmanlike manner as contemplated

by the contract? The court charged the jury: "I call your attention to the question of agency," and then charged in the words of the Code of 1933, §§ 4-301, 4-302, and 4-304; and stated: "You would not be authorized to consider these principles of law unless you find from the evidence in this case that C. F. Hunt was the agent of the Wofford Oil Company." The defendant excepted to this charge on the law of principal and agent, on the ground that there was no evidence in the record to authorize it. We cannot agree to this contention. Paragraph 3 of the petition alleges agency, and paragraph 3 of the answer admits agency; and the case proceeded to trial on this theory. This made an admission in the pleading, which could be taken into consideration, along with all of the other testimony, to determine whether Hunt was the agent of the defendant, Hunt in his testimony having denied that he was such agent. It may be noted that there was no amendment to the answer striking the part which admitted the agency. It may also be noted that the plaintiffs testified they made their contract with the Wofford Oil Company, without any objection by the defendant. They further testified as to the conduct of Hunt in the character of an agent, and to the acceptance of the Wofford Oil Company of the fruits of the alleged agency. It has been held: "Agency can not be proved by evidence of mere declarations of the alleged agent; but when accompanied by other evidence as to the conduct of the person in the character of agent, and acceptance by the alleged principal of the fruits of the agency, such declarations are admissible in evidence." *Weiner Co.* v. *Tucker,* 139 *Ga.* 596 (77 S. E. 811). See also *Rome Insurance Co.* v. *Thomas,* 11 *Ga. App.* 539, 542 (75 S. E. 894) ; *William Hester Marble Co.* v. *Walton,* 22 *Ga. App.* 433 (96 S. E. 269). We agree with the judge that the evidence was sufficient to authorize the jury, if they saw fit to do so, to find that Hunt was the agent of the Wofford Oil Company. There was also testimony by one of the plaintiffs that the option introduced in evidence was one of those they had signed for the Standard Oil Company, and was "practically" the same as the one they later signed for the defendant on July 10, 1933, a day before the deed was made; and that the defendant, although served with notice to produce their contract, had not done so, and that the contract in evidence was not the same contract they signed for the defendant. It should be noted that the defendant in the answer

had admitted the agency, and therefore the trial was proceeding in order to determine the only issue left under the pleading, to wit, whether the defendant had complied with the contract in removing the house to the adjacent lot. We think this admission as to agency was binding on the defendant, notwithstanding testimony, admitted without objection, to the effect that Hunt, the alleged agent, bought the property under an option and transferred it to the defendant. The admission in the answer of the agency was of binding force; and there being testimony which would authorize a jury to find against the plea of the defendant that he moved the house according to the contract between the parties, the judge did not commit harmful error in charging the jury on the question of agency; and the overruling of the motion for new trial was not reversible error. *Harper* v. *International Harvester Co.,* 21 *Ga. App.* 819 (95 S. E. 306) ; *William Hester Marble Co.,* v. *Walter,* supra.

4. Not being convinced that the bill of exceptions was brought to this court for delay only, the request that damages be assessed under the Code of 1933, §6-1801, is denied.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*