25737. HOLLAND *et al.* v. WHITFIELD COUNTY.

DECIDED OCTOBER 29, 1936.

*W. E. Mann, W. G. Mann,* for plaintiffs.
*W. M. Sapp, I. C. Adams, S. R. Maddox,* for defendant.

SUTTON, J. J. H. Holland and his two brothers brought suit against Whitfield County for taking, for public use as part of a public roadway between Tilton and Carbondale, in said county, certain real estate belonging to the plaintiffs and abutting on the original road, without authority from them and without making just compensation therefor, alleging that in the construction of

the new highway the flow of water was so diverted that more water flowed upon their land than before the work was done, and that because of the taking of the said real estate and the flow of additional water they had been damaged in the sum of $1200. On the trial the parties introduced evidence in support of their contentions. The defendant introduced a written instrument signed by the abutting-property owners, including the plaintiffs, in which it was recited: "We, the undersigned, hereby contribute to the Board of Roads and Revenue of Whitfield County, Georgia, and their successors, a sufficiency of our property abutting the Tilton and Carbondale public road, so as to permit a widening of the same, where necessary, so as to make it of a width of approximately thirty feet, over a general course as now pursued by said road, where same touches our respective properties. This carries with it a permission to straighten out curves in said Tilton and Carbondale public road, as may be found necessary or advisable, together with the right to grade the same, making such fills, excavations, and drainage as are necessary, so that when said road is completed it will be of a general width of thirty feet, graded and drained under the supervision of the county authorities in charge of such work." The defendant also introduced evidence that it had not used more land than that donated by the plaintiffs, and had not caused any water-flow upon the land which had not previously existed, and had not damaged the plaintiffs thereby. The jury returned a verdict for the defendant. The plaintiffs filed a motion for new trial on the general grounds, and on the special grounds: (a) That the court erred in not charging the jury in what way it was to arrive at the verdict, and simply left the jury to make its verdict without any charge as to the evidence or law to be applied. It is contended that the court should have charged that in arriving at the verdict the jury take the facts from the witnesses and the documentary evidence, and the law from the court. (b) That the court erred in not charging the jury that if they found from the evidence that the defendant took from the plaintiffs any of the real estate for the reconstruction of said road, without first paying just compensation therefor or obtaining from the plaintiffs such property, the verdict should be in favor of the plaintiffs for the value of the same as shown by the evidence. (c) That the court erred in stating, in the presence

of the jury, "That is all hearsay, to say they agreed to put it back," at a time when W. H. Holland, one of the plaintiffs, was testifying that "It was the agreement when we gave the right of way that they would put them back [meaning the embankments], and they could not get it without putting them back. I told them at the time that unless they put that back like it was, to protect the field as it was before they took it away, that they could not get the right of way; and they agreed that they would put that back, and on every occasion and on the last occasion they agreed to lay it;" it being contended that the remark in the presence of the jury was prejudicial, harmful, and injurious to the plaintiffs, and an expression of opinion; that the evidence was not hearsay but was admissible; and that the remark of the court was misleading and did mislead the jury.

It appears from the record that the court charged the jury as to the meaning of preponderance of evidence, and that the burden was on the plaintiffs to make out their case by such preponderance of evidence, but thereafter charged only that if the plaintiffs were entitled to recover they would be entitled to recover for the injury occasioned to them on account of the taking of their land; that if they were injured on account of the diversion of water, they would be entitled to recover a just sum to compensate them for the injury occasioned to their land not taken on account of such diversion; that if the jury found for the plaintiffs the verdict would be "We, the jury, find for the plaintiffs, so many dollars;" and that if the jury found that the plaintiffs were not entitled to recover under the evidence, the verdict would be "We, the jury, find for the defendant." It is obvious that the above was inadequate as to the substantial issues made by the pleadings and the evidence. It informed the jury what they should do if they found for or against the plaintiffs, but did not inform them as to how they should arrive at their verdict. It is the duty of the court to instruct the jury as to the law on the substantial issues made by the pleadings and the evidence, even in the absence of a special request to charge. The court should have charged the jury that in arriving at their verdict they should consider the evidence as given by the witnesses and the documentary evidence introduced on the trial of the case; and should have charged the principle of law embodied in the Code, § 2-301, that private property shall not

be taken, or damaged, for public purposes, without just and adequate compensation being first paid; and should have charged that if the jury believed that the defendant had taken the property of the plaintiffs without just compensation being first paid, they should find for the plaintiffs such sum as would represent the value of the property so taken, according to the evidence introduced, unless they should also find that the plaintiffs had donated certain abutting property for the reconstruction of the highway in question, and that the county had not taken thereof more than was in fact donated.

After the evidence referred to in ground (c) was admitted without objection, it was improper for the court to denominate it as "hearsay."

Because the case is remanded for another trial under the above rulings, it is not necessary to pass on the general grounds, except to say that the evidence did not demand a verdict for the defendant.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*