1. "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other." Code, § 38-402.
2. The plaintiff in its petition having sought damages and injunctive relief against a husband and wife for alleged cutting and removal of timber in violation of a timber lease executed to the plaintiff by the wife, to which petition the defendants filed an answer and cross-action seeking damages and equitable relief against the plaintiff, and the jury having returned a verdict in favor of the plaintiff against the defendants for $640 as damages — Held, that the allegations in the answer and cross-action filed jointly by the defendants authorized a finding that the husband acted with authority of the wife in cutting and removing the timber, and that she was accordingly responsible with him for the resulting damage.
3. The only contention made in this court by the plaintiffs in error, husband and wife, being that the verdict was contrary to the evidence and without evidence to support it as against the wife, and there being no merit in this contention in view of the answer and cross-action, the judgment refusing a new trial cannot be disturbed.
Judgment affirmed. All the Justicesconcur.
 No. 15836. JUNE 12, 1947.
In April, 1946, Vestal Lumber and Manufacturing Company filed suit against Mrs. Lillie D. Smith and her husband, D. O. Smith, alleging that on January 9, 1941, Mrs. Smith had executed *Page 361 
a written lease selling and conveying to the plaintiff all of the pine and hardwood timber of stated dimensions growing or that will grow on a described tract of land, with the right to cut and remove the timber on it within ten years from the date of such lease; but that, notwithstanding this lease, the defendants did during a stated period enter upon said lands and cut and remove therefrom timber of the value of $14,000; and that the defendants are threatening to cut and remove the balance of the trees growing upon said lands, and will cut and remove the same unless enjoined. The plaintiff prayed for a recovery of damages, injunction, and general relief.
A copy of the lease, as attached to the petition, shows that it contained among others the following provision: "First party reserves the right to clear up and cultivate any of said lands, after second party has cut and removed its timber by its first going over or cutting over it, during the term of this lease."
The defendants filed a joint answer, in which they admitted the execution of the lease as alleged, but denied all allegations as to violation of its terms. After thus directly responding to the allegations of the petition, the answer continued as follows:
"5. For further answer these defendants say that, under the terms and provisions of said lease attached to plaintiff's petition, they had the right to clear up and cultivate any part of the lands described in said lease after the plaintiff had cut and removed its timber therefrom by its first going over or cutting of said timber.
"6. That at the time said contract was entered into it was well known to the plaintiff that the defendant, Mrs. Lillie D. Smith, was selling the timber described in said lease so that she could clear up and cultivate the lands, and said Mrs. Smith then and there informed the plaintiff that she would not sell the timber, unless a provision was inserted in the contract of lease or sale giving her the right to clear up and cultivate the lands after the plaintiff had gone over and cut the timber one time, and such a provision was and is in such lease.
"7. That, after the execution of said lease, the plaintiff erected sawmills on said land and cut over the timber and removed it from parts of said land and, after this was done by the plaintiff, the defendants, acting under the right reserved in said lease, began to clear up said parts of said land which had been cut over by the plaintiff. *Page 362 
"8. That the plaintiff operated said sawmills until it had cut over said lands and then removed said mills and its property from said lands.
"9. For further answer these defendants say that they are entitled to recover from the plaintiff the sum of $750 necessary expenses in defending this suit, and the sum of $1500 for loss on machinery to clear up and cultivate the lands described in the petition. Defendants are entitled to recover these sums for the reason that the plaintiff in instituting this suit acted in bad faith and has caused the defendants unnecessary trouble and expense as herein set out. Defendants say that the plaintiff well knew the facts set out in this answer and that it has cut over the timber, and that the defendants were acting within their rights under the terms of the lease when they undertook to clear up the land as herein alleged.
"10. For cross-bill these defendants say that procuring a temporary restraining order in this case, which prevents the clearing of the lands for cultivation by the defendants, the plaintiff has delayed a hearing on an interlocutory injunction and, although it had previously cut and removed from said land all the timber it was entitled to cut and remove and had abandoned said lands, the plaintiff has undertaken and entering upon said land and is cutting and removing therefrom timber and wood which it has no right to remove under the terms of said lease."
The answer then prayed for a temporary and permanent injunction against the plaintiff, restraining and enjoining the plaintiff from entering upon said land and removing any timber therefrom; for a decree that the defendants have the right to clear up and cultivate the land as provided in said lease; and for general relief.
So far as appears, no demurrer was filed by either side. The case went to trial upon the respective contentions of the parties as set forth in their pleadings, evidence being introduced both for the plaintiff and for the defendants. The jury returned a verdict in favor of the plaintiff for $640. The defendants moved for a new trial on the general grounds only. The motion was overruled, and they excepted.
The only insistence or contention made by counsel for the plaintiffs in error in this court is that the verdict was contrary to the *Page 363 
evidence and without evidence to support it, as against Mrs. Smith; the brief for the plaintiffs in error, after a statement of the case, being as follows:
"There was no evidence to sustain this verdict except an admission by the defendant husband that he had cut some of the timber in clearing up a part of the land that had been cut over by the plaintiff, and that he did this in clearing up the land. The evidence showed that the timber so cut was cut by the husband and sawed into lumber at a sawmill owned by him individually. There was no evidence whatsoever that Mrs. Smith cut any of the timber or that she authorized her husband to cut it or that she ever knew that the timber was cut or ratified or took part in any way in the cutting of the timber. As to the wife there is not a scintilla of evidence to support the verdict. This is the only point involved in this case. The motion for new trial is on the general grounds only. We think that, as to the wife, the judgment of the court below should be reversed."