## 32097. ROBERTS v. HILL et al.

GARDNER, J. 1. E. T. Roberts brought a petition against Mrs. J. J. Hill and three other defendants for breach of warranty based upon a contract of sale of certain timber for sawmill purposes. At the conclusion of the evidence, the trial court directed a verdict for the defendants. Error is assigned on that judgment. In the petition the plaintiff alleged that the defendants, when the timber was sold, pointed out to him the wrong dividing line between the land on which the timber was located and the land of a coterminous landowner. There is conflicting evidence as to whether the defendants pointed out the line as the plaintiff contends. We do not think that this is material for a decision of the case, because the case turns on the point whether the plaintiff had the legal right to bring the action. It appears from the evidence that a transfer of the timber was made to the plaintiff, but that two other parties, and the plaintiff each furnished one-third of the purchase-money. The evidence also reveals that the timber was purchased for the purpose of resale. Before the timber was purchased and after it was purchased, there was considerable controversy between the parties, pro and con, as to the true line. We do not think that any of these questions of evidence are necessary to a decision of the case. Suffice it to say that the legal title was conveyed to the plaintiff. The plaintiff did resell the timber for more than the sum paid for it, and settled with the other two, who joined with him in furnishing the purchase-price of the timber. The contract of sale, which was under seal, was dated June 11, 1946. On November 4, 1946, the plaintiff made this transfer: "I hereby transfer the within contract to P. M. Biddy with all rights it contains." The present petition was filed December 17, 1946.

2. It is our opinion that the court properly directed a verdict, for two reasons: First, because at the time the petition was filed the plaintiff had divested himself of his legal interest by the transfer to Biddy. Code § 3-108 provides: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." *Board of Drainage Commissioners of Henry County* v. *Morris Construction Co.,* 32 *Ga. App.* 300 (1) (122 S. E. 723), is controlling on this issue. "The general rule is that an action on a contract must be brought in the name of the party in whom the legal interest in the contract is vested. Civil Code (1910), section 5516. In this action by the Board of Drainage Commissioners of Henry County Drainage District No. 1, for the use of Bank of Stockbridge, upon a written contract, it being alleged that the plaintiff transferred and assigned its interest in the contract to the Bank of Stockbridge before the action was brought, the general demurrer interposed to the petition was properly sustained. *Ross* v. *Glover-Ball Company,* 156 *Ga.* 109 (1) (118 S. E. 691)." The second principle of law which authorized the trial court to direct a verdict, and which precludes a recovery under the petition and the evidence, is that no eviction of the plaintiff was shown. The Supreme Court in *Osburn* v. *Pritchard,* 104 *Ga.* 145 (2) (30 S. E. 656), said: "In

a suit for a breach of warranty, the burden is on the plaintiff to show eviction under an outstanding paramount title, or a superior lien upon the land." Also, the Supreme Court in *Turner* v. *Tidwell*, 141 *Ga.* 123 (1) (80 S. E. 901), held: "In an action for a breach of a covenant of warranty of title to land, the burden is upon the plaintiff to show eviction by reason of a paramount outstanding title. *McMullen* v. *Butler*, 117 *Ga.* 846 (45 S. E. 258); Civil Code, § 4197."

The plaintiff contends that, since he and the two others who furnished the purchase-money were tenants in common, the plaintiff was entitled to recover his one-third of the amount for which suit was brought, even though the other two parties who furnished the one-third each of the money were not parties to the suit. The plaintiff cites, in support of this contention, the Code, § 33-103. The difficulty which faces the plaintiff in this contention is that he had transferred his interest to Biddy before filing his petition. Certainly the plaintiff could have no interest other than that embraced in the contract, and having disposed of that interest before his petition was filed, he precluded himself from recovering.

The court did not err in overruling the motion for a new trial as amended for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

Decided October 7, 1948. Adhered to on rehearing December 15, 1948.

*Maddox & Maddox,* for plaintiff.
*Graham Wright,* for defendants.