32558.  COLONIAL FINANCE CO. *v.* ANTHONY.

Decided July 14, 1949.   Rehearing denied July 28, 1949.

*Albert W. Stubbs, William S. Cain,* for plaintiff.

*W. B. Skipworth Jr., V. P. McCauley,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ The agreed statement of facts in this case shows that the automobile which the plaintiff seeks to recover was located in Muscogee County, Georgia, for over one and one-half years before the plaintiff took any action to record his mortgage thereon. In view of Code § 67-108, which requires that, when property purchased elsewhere is subsequently brought into this State, any mortgage or lien thereon must be recorded in the county where the property is located within six months after it is brought into this State, the holder of such a mortgage or lien cannot, after that period of time, come in and claim the property as against innocent third parties. See *Allen* v. *Dickey,* 54 *Ga. App.* 453 (supra); *North* v. *Goebel,* 138 *Ga.* 739 (76 S. E. 46). If this were not so, there would be no purpose in the statute, nor any security afforded to purchasers of personal property. Most of our States now have recording statutes designed to protect their citizens against unknown claims and liens which it would be impossible for them to discover. Unless some such protection were afforded, in the present state of mobility of such articles as motor vehicles, it would be a practical impossibility to carry on the transfer and

sale of goods with any degree of security. Therefore, in the absence of other circumstance, such as fraud or estoppel, the mortgagor who wishes to protect his lien must follow the procedure outlined. It is true, in some cases, he may have difficulty in following the property within the time allowed by law, but it is both easier and more equitable for him to do this, after voluntarily parting with its possession, than for a buyer of personal property to be required to locate liens and claims the only record of which exists in some unknown State.

■ The plaintiff contends that, even though it did not record the mortgage within the statutory period, the title to the automobile in question should be decreed in it, due to the fact that, title thereto having once been shown in the defendant Moore, it is presumed to continue in him. As to the claimant, the plaintiff insists that he is not entitled to the automobile because he has not proved possession in himself, and for the further reason that his claim of title rests on a bill of sale from a third party, whom the plaintiff denominates as a stranger to the title.

We cannot subscribe to this view. The bill of sale from Roy Turner to the claimant is in proper form. The claimant testified that he purchased the automobile on July 10, 1947. This is perfectly consistent with the plaintiff's evidence, which showed that Moore owned the car on September 19, 1946, and is sufficient to overcome the presumption that the title remained in Moore at the time of the levy. This case is easily distinguished from Hydraulic Cement Block Co. v. Christensen, 38 Utah 525 (114 Pac. 524), cited by the plaintiff on this point. In that case direct evidence was offered to prove that the bill of sale under which the claimant held had been given him by one not having title to the property. Here no such state of facts is apparent, and none will be presumed. The other cases cited by the plaintiff on this point have to do with the law of real property, and are not applicable here for that reason.

It may be noted further that the presumption relied on by the plaintiff that title, having once been shown to be in the defendant Moore, will be presumed to continue in him, may be offset by the fact that the property was in Georgia at the time of the levy. The defendant Moore is a non-resident of Georgia. He was a resident of the State of Ohio in 1946, and it may be presumed

that he was still a resident of Ohio at the time of the levy. See *Clark* v. *Baker*, 186 *Ga.* 65, 74 (196 S. E. 750). The property, however, was then in Muscogee County, Georgia, the residence of the claimant, and the plaintiff offers no explanation of its presence there which in any way conflicts with the testimony of the claimant as to his ownership. To prove title to personal property, it is not necessary to show a chain of title uninterrupted to its source.

It follows, therefore, that the judgment of the trial court overruling the motion for a new trial is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*