32764. ROBERTS *et al. v.* HILL *et al.*

WORRILL, J. 1. Where to the petition in the City Court of Floyd County seeking damages for fraud and deceit, the defendant filed what was denominated as a special plea in bar, alleging that one of the plaintiffs had filed his suit in the Superior Court of Floyd County against the defendants, and that a copy of the said suit was attached, that in the said case a verdict for the defendants was directed, that the plaintiff therein appealed that judgment to the Court of Appeals of Georgia, that the judgment of the trial court was affirmed and that the judgment was a final adjudication, that no cause of action exists in favor of the plaintiffs, and where it appears, from the exhibits attached to the plea as amended and from the evidence adduced upon the trial of the plea and from the report of the former case on appeal to this court, that one of the plaintiffs here did in fact prosecute in the superior court a suit for damages for breach of warranty based upon the same facts and circumstances, and that the trial judge there directed a verdict for the defendants, and that upon appeal to this court the judgment was affirmed on the ground that it appeared that "at the time the petition was filed the plaintiff had divested himself of his legal interest" in the subject-matter of the suit by a transfer to a third person (not a party to either proceeding) and because "no eviction of the plaintiff was shown"—the trial judge did not err in finding in favor of the plea in bar and in dismissing the petition. See *Roberts v. Hill,* 78 *Ga. App.* 264 (50 S. E. 2d, 706).

2. A condition or fact once shown to exist is presumed to continue until a change in such status is shown. *Coleman & Burden Co. v. Rice,* 105 *Ga.* 163 (31 S. E. 424); *American National Bank v. Lee,* 124 *Ga.* 863, 865 (53 S. E. 268); *Tippens v. Lane,* 184 *Ga.* 331 (3) (191 S. E. 134); *Sasser v. Byrd,* 8 *Ga. App.* 824 (70 S. E. 157); *Griffin v. Miller,* 29 *Ga. App.* 585 (1) (116 S. E. 339); *Cook v. Cochran,* 42 *Ga. App.* 478 (2) (156 S. E. 465); and in the absence of special allegations showing that the plaintiffs here had acquired the legal interest in the subject-matter

of the suit the petition was subject to attack by special demurrer or plea, and the trial court did not err in sustaining the plea and in dismissing the petition where from the evidence adduced upon the trial and from the official report of the former case before this court it affirmatively appears that the plaintiffs did not have title to or a right in the subject-matter of the suit but that such right or title was in some third person not a party to the case.

3. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. "Parties are all such persons as were directly interested in the subject-matter, had a right to make defense, to adduce testimony, to cross-examine witnesses, to control the proceedings and to appeal from the judgment. Privies are all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denoting mutual or successive relationship to the same rights of property." *Smith* v. *Gettinger,* 3 *Ga.* 140, 142. Furthermore, "When a person has two or more conflicting and inconsistent remedies for the same wrong, his election and actual prosecution of the one to a favorable or an adverse decision is a bar to the others," and "In the case of conflicting and inconsistent remedies, the remedies are not concurrent, and where a choice between them is once made, with knowledge of all the facts, the right to follow the other is forever gone." *Stokes* v. *Wright,* 20 *Ga. App.* 325 (2, 3) (93 S. E. 27). Neither can "The effect of a judgment . . be avoided by a difference in the pleadings, when those in the first case could and should have been as full as those in the second, though in fact they were not. No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of the case and not certain of its limbs only, that the final judgment takes hold upon. . . He must discharge all his weapons, and not reserve a part of them for use in a future encounter. He must realize that one defeat will not only terminate the campaign, but end the war." *Perry* v. *McLendon,* 62 *Ga.* 598, 604, 605. Applying these rules of law to the facts in this case, it is clear that the trial court properly sustained the plea and dismissed the petition.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*

Decided March 3, 1950. Rehearing denied March 17, 1950.

*Maddox & Maddox,* for plaintiffs.
*Wright & Scoggin,* for defendants.