### 34290. PETKAS *et al. v.* WRIGHT COMPANY INCORPORATED.

DECIDED NOVEMBER 13, 1952.

*John H. Hudson, J. Walter LeCraw,* for plaintiffs in error.
*Benton E. Gaines, Bartow Cowden III,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Error is assigned in the first special ground of the amended motion for a new trial on the action of the court in restricting cross-examination of a witness for the plaintiff who was credit manager for the plaintiff corporation. The question, "Isn't it true that your company has had a practice of picking up articles when restaurant people find they don't need them?" was disallowed, and the ruling was to the effect that evidence of a custom of the plaintiff corporation of picking up articles not used by the purchaser would be limited to dealings between the plaintiff and defendants, in the absence of a proper foundation showing that such a custom was universal to the trade in that area.

The cross-examination, as limited by the court, was properly admitted in view of paragraph 8 of the answer of John Petkas,

that "a custom of making such oral agreements had arisen between plaintiff and defendant." It was not alleged that the custom was one which the plaintiff exercised in general, or that it was a general custom of the trade, as provided in Code § 20-704(3), nor was evidence of such custom offered. As stated in *Robertson* v. *Wilder & Co.*, 69 *Ga.* 340 (2a): "Individual habits of dealing do not make a universal custom which by implication enters into the contract and forms a part thereof." In *Atlanta & West Point R. Co.* v. *Holcombe*, 88 *Ga.* 9, 11 .(13 S. E. 751) it was stated: ". . it would not be proper, as a general rule, to admit independent testimony as to what was or was not the habit of a person or corporation with reference to a given subject." Consequently, the court having allowed evidence as to customs in the dealings of the plaintiff and defendant with each other, it did not err in excluding evidence as to the plaintiff's individual habits of dealing in regard to third persons, as this would be of little value, either probative or impeaching, insofar as the case at bar is concerned. This assignment of error is without merit.

■ The second special ground contends that there is no evidence of a partnership. Admissions in the answer of allegations in the petition are to be taken as true. Code, § 81-103. The word "Showboat" is a trade-name, and as such could refer to either a person, firm, or corporation. However, a petition alleging that the defendants John and Steve Petkas operate a restaurant known as "Showboat" denotes an intention, in the absence of any other explanation, to sue them as partners. See *Dublin & Southwestern Ry. Co.* v. *Akerman & Akerman*, 2 *Ga. App.* 746 (59 S. E. 10). It was admitted by the defendants in their pleadings that they jointly operated the restaurant. They filed no plea of nul tiel partnership, as required by Code § 75-313. On the contrary, an answer was filed by the defendants as partners "insofar as they are sued jointly as partners." By amendment the plaintiff later set up an express allegation of partnership as evidenced by the trade-name registration in accordance with Code § 106-301. No answer, of course, was required to this amendment. *Cook* v. *Cochran*, 42 *Ga. App.* 478 (156 S. E. 465). The case stood for trial under the pleadings, however, with no issue made as to whether a partnership did

or did not in fact exist. The defendants, by their pleadings having admitted such joint operation by them of the restaurant as amounted to a partnership, were bound thereby, and, so long as those admissions remained unstricken, were estopped to produce evidence to the contrary. *Wofford Oil Co. of Ga.* v. *Story,* 52 *Ga. App.* 496 (183 S. E. 840); *American National Ins. Co.* v. *Lynch,* 49 *Ga. App.* 580 (176 S. E. 546); *New Zealand Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (116 S. E. 922); *Smith* v. *Vestal Lbr. & Mfg. Co.,* 202 *Ga.* 360 (43 S. E. 2d, 163). In addition to the pleadings there was the undisputed evidence that the two men had both been engaged in the operation of the restaurant, and the trade-name registration entered by John Petkas in which he showed himself and his brother as joint operators. The court was therefore authorized to find that a partnership existed at the time the open-account indebtedness was incurred, although it also found that the partnership did not exist at the time of the conditional-sales contract, for which reason John Petkas alone was liable on the note.

■ The evidence authorized the trial judge, sitting without a jury, to find against the defendants' plea of a subsequent agreement between themselves and the plaintiff to accept the return of a part of the merchandise. He was also authorized to find against the defendants judgments in the amounts rendered.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*