36557.   EVANS *v.* BREDOW.

DECIDED APRIL 10, 1957.

*Dunaway & Embry,* for plaintiff in error.

*Harold Karp, Ferrin Y. Matthews, T. C. Little,* contra.

GARDNER, P. J. ■ There is an abundance of evidence to support the verdict as to the general grounds.

■ Special ground 1 assigns error because it is alleged that the court erred in submitting the question of damage to the real property to the jury for the reason that the plaintiff's petition did not allege ownership of the property by the plaintiff. As to this ground, the petition alleges 1146 Lanier Boulevard, N. E., to be the plaintiff's home. Also, the answer of the defendant admits this to be true and neither is there a specific denial in the answer or elsewhere. This point is settled conclusively in *Jester* v. *Bain-*

*bridge State Bank,* 4 *Ga. App.* 469 (5) (61 S. E. 926) wherein this court said: "All proper unequivocal allegations in a petition which are not denied in the defendant's answer are held to be admitted, and proof of such allegations need not be submitted." See also *Bankers Trust & Audit Co.* v. *Hanover National Bank,* 35 *Ga. App.* 619 (1) (134 S. E. 195) wherein this court said: "An admission in the pleadings is to be taken as true, and the record should not be burdened with proof of the fact admitted. . . . So an admission of a material fact in the defendant's answer is not ousted by an agreed statement of facts, made for the purpose of trial, and silent as to the fact so admitted in the answer." In *Harmon* v. *Givens,* 88 *Ga. App.* 629, 642 (77 S. E. 2d 223) it is held: "However, in the answer, it is alleged that 'defendants admit paragraph 4 of the petition,' and hence it was unnecessary for the plaintiff to prove that the school bus was struck 'while making a left-hand turn across said intersection.' " See also *Petkas* v. *Wright Co.,* 87 *Ga. App.* 189, 192 (73 S. E. 2d 224). This special ground is not meritorious.

■ Special ground 2 assigns error because the court withdrew from the jury the question of ownership of the car at the termination of the evidence in the following language: "There has been some mention made in this case about the fact that Mr. Bredow originally bought this car and that the car was put in his wife's name. I instruct you that that has nothing whatever to do with the case. Mrs. Bredow herself has taken the stand and has, under oath, in this court testified that she had had no interest, and had no interest, in the car. So whatever damages you find were done to the automobile under the instructions given you would be a proper part of your verdict and you could find the $1,670 he has claimed for that or you can find any amount less than that; you could not exceed it." Special ground 3 assigns error on the ground that the excerpt quoted hereinabove expressed an opinion on the part of the trial court and had the effect of directing a verdict. It is alleged in special ground 2 that the issue of ownership was raised during the trial when the plaintiff testified that he bought the car and gave it to his wife. The plaintiff testified positively that he bought and paid for the car. The wife testified that the car belonged to her husband.

There is no evidence to the contrary, only conclusions as to title, of no probative value. There was no bill of sale or other documents of ownership put into evidence. In view of the uncontradicted evidence the question of title became one of law for the court to determine. There was nothing regarding title for the jury to decide, in the absence of evidence of title being in anyone other than the plaintiff. The court did not express an opinion, or in effect direct a verdict, in view of the evidence, but correctly passed on the law as to the title of the car. *Dobbs* v. *Bell Laundry*, 25 *Ga. App.* 734 (2) (105 S. E. 53) does not apply, under the facts of that case as compared to the facts of the instant case, and for the same reason the following cases are not applicable: *Wright* v. *Continental Ins. Co.*, 117 *Ga.* 499 (1) (43 S. E. 700); *City of Rome* v. *Shropshire*, 112 *Ga.* 93 (3) (37 S. E. 168); *Bank of Brooklet* v. *Motor Liens Inc.*, 164 *Ga.* 314 (1) (138 S. E. 582); *McDonald* v. *Beall*, 55 *Ga.* 288 (8); *Delgado Mills* v. *Ga. R. & Bkg. Co.*, 144 *Ga.* 175 (1) (86 S. E. 550); *State of Georgia* v. *Bank of Quitman*, 117 *Ga.* 849 (45 S. E. 236); *Terrell* v. *Stevenson*, 97 *Ga.* 570 (25 S. E. 352). Nor does this case fall within the principle of law regarding expression of opinion by a trial judge, as covered in *Ratteree* v. *Nelson*, 10 *Ga.* 439 (2), *Smallwood* v. *Warfield*, 49 *Ga. App.* 93 (1) (174 S. E. 185), and Code § 81-1104. We find no conflict in the allegata and probata which would take this case out of the principle of law enunciated in Code § 110-104. The holding here is not in conflict with, but is in conformity with the holding in *Florida Yellow Pine Co.* v. *Flint River Naval Stores Co.*, 140 *Ga.* 321 (78 S. E. 900). It was not necessary for the plaintiff to prove title. See *Colonial Finance Co.* v. *Anthony*, 79 *Ga. App.* 763, 767 (54 S. E. 2d 326). A bill of sale of the car to the plaintiff's wife properly executed and recorded would have been prima facie evidence only and would have been rebuttable. Presumption of ownership does not prevail over direct and uncontradicted evidence. See *Colonial Finance Co.* v. *Anthony*, supra; *Royal Undertaking Co.* v. *Duffin*, 57 *Ga. App.* 760 (2) (196 S. E. 208); *Barwick* v. *Walden*, 71 *Ga. App.* 824, 825 (32 S. E. 2d 401).

It would not have been erroneous for the court to have directed a verdict in the instant case. See Code § 110-104. Special

grounds 2 and 3 show no cause for reversal for any of the reasons assigned.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, J., concurring specially. Although I concur in the judgment of affirmance I do not agree to all that is said in the opinion.

1. As to a sufficient interest appearing in the plaintiff to the real estate alleged to have been damaged to authorize recovery, attention is called to special ground 4 of the amended motion for new trial which contends that the recovery for damage to the shrubbery, yard, water pipe and other fixtures attached to the realty is without evidence to support it in that the plaintiff neither pleaded nor proved ownership of the realty. Applying the rule that the evidence must be construed in favor of the verdict, where, as here, the petition alleges that the property is the home of plaintiff and that "his shrubbery", "his water pipe", and "his driveway" have been damaged, and where in his testimony he also applies the first person singular to these objects, in the absence of anything in the record raising a question as to the quality or quantity of ownership involved, it may be inferred that the plaintiff has such interest in the realty as will permit maintenance of the suit.

2. Facts positively alleged are constructive admissions, and the pleader is precluded from disputing their truth, whether they be true or false. *Armour* v. *Lunsford,* 192 *Ga.* 598 (15 S. E. 2d 886). A defendant is bound by the admissions contained in his answer. *Cook* v. *Cochran,* 42 *Ga. App.* 478 (156 S. E. 465); *Wofford Oil Co. of Ga.* v. *Story,* 52 *Ga. App.* 496 (183 S. E. 840).

As to the question of title to the automobile, although evidence introduced without objection shows quite a conflict as to whether the plaintiff owned the automobile or his wife owned it, paragraph 4 of the petition as follows: "Petitioner's 1953 Buick Riviera automobile was parked in the driveway immediately adjacent to the right side of his home" was admitted by the answer. Accordingly, grounds 5 and 6 of the amended motion for a new trial,

which in effect directed a finding that the title to the automobile was in the plaintiff, show no error, since these pleadings excluded any issue as to that subject.